MARTIN O. WALKER, Plaintiff in Error, *v.* EDWARD H. HAD-
DUCK, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A lessee is bound to pay interest on instalments of rent from the time they be-
come due.

THIS cause was heard before MARK SKINNER, Judge of the
Cook County Court of Common Pleas, at February term,
1853. See opinion for facts.

H. FRINK, for plaintiff in error.

J. H. COLLINS,.for defendants in error.

TREAT, C. J. The case showed that Hadduck rented of
Walker, the undivided half of a warehouse for two years, at an
annual rent of $862.50, payable quarter-yearly ; and that he
entered under the lease, and occupied the premises during the
whole term. The action was brought to recover the rent re-
served by the lease, and for the use and occupation of the
premises after the expiration of the term. The court refused
this instruction : " The plaintiff is entitled to recover rent from
the defendant for the time the defendant occupied the ware-
house under the lease, at the rate of $862.50 per year, for the
plaintiff's half of the warehouse and dock, with interest upon
each quarter's rent, from the time it fell due." The instruction
should have been given. It correctly stated the liability of the
lessee. He was bound to pay interest on the instalments of
rent from the time they became due. The statute expressly
authorizes interest to be recovered in such a case. It was
money due on an "instrument of writing." The instruction
was not obnoxious to the objection, that it directed the jury to
return a verdict for the plaintiff for the full amount of the rent
and interest, without any abatement for payments, or for repa-
rations to the demised premises. It only laid down the true
measure of damages under the lease. It required the jury to
allow the plaintiff the amount of the rent and interest, but it
did not prevent them from allowing the defendant all just
credits. It asserted a correct legal principle applicable to the
evidence, and the refusal to give it may have prejudiced the
plaintiff. The judgment must therefore be reversed, and the
cause be remanded.

*Judgment reversed.*