JACOB HEISSLER *et al.*

*v.*

CHARLES STOSE.

*Filed at Ottawa January 21, 1890.*

INTEREST—*upon rent under written lease.* A written lease of premises for a term of years fixed the monthly rent to be paid, except as to a certain part of the term, in respect to which the rent was to be fixed by referees to be selected in case the parties failed to agree. The referees selected failed to agree, without the fault of either party, and suit was brought upon the lease to recover a reasonable rent for that portion of the term for which the amount of rent had not been fixed : *Held,* the plaintiff was entitled, under the first clause of the statute, to six per cent interest on the rent the premises were found to be worth, such lease being an instrument in writing for the payment of money.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. WILLIAM H. BARNUM, and Messrs. RUBENS & MOTT, for the appellants :

No interest was allowed by the common law, and it can, therefore, be recovered only when given by statute. *Pekin v. Reynolds,* 31 Ill. 529.

When a demand is in good faith disputed, and nothing has been done to hinder or delay proceedings for its collection, there can be no recovery of interest as for an unreasonable and vexatious delay of payment. *Hitt v. Allen,* 13 Ill. 597; *Moshier v. Shear,* 15 Bradw. 345; *Clement v. McConnel,* 14 Ill. 155; *Myers v. Walker,* 24 id. 133; *Aldrich v. Dunham,* 16 id. 403; *Sammis v. Clark,* 13 id. 547; *Alcohol Works v. Sheer,* 104 id. 589.

Liability to pay such a sum, if any, as a jury may hereafter determine, can not properly be called a debt. *Read v. Nash,* 1 Wils. 305; *Lewkner v. Freeman,* Prec. Ch. 105; 1 Eq. Cas. Abr. 149.

The sum ultimately found by the jury can not be said to have been wrongfully detained before the finding, in such a sense that interest is due. *Blogg* v. *Johnson,* L. R. 2 Ch. 225.

· Interest can not be recovered on a *quantum meruit,* for work and labor, nor *quantum valebant,* for goods sold. 3 Parsons on Contracts, (5th ed.) note w, p. 105.

Mr. WILLIAM C. WILSON, and Mr. DAVID L. ZOOK, for the appellee :

This action being brought on an instrument of writing for · the payment of money falling due at certain stated periods, interest is recoverable on such installments from the time each fell due.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This was an action brought by Charles Stose, to recover rent alleged to be due on a written lease, wherein certain premises on State street, Chicago, were leased to appellants. The lease was executed on the 4th day of December, 1877, and by its terms 'appellee demised to appellants the premises from the 1st day of May, 1878, until the 1st day of May, 1888, a term of ten years. The clause as to payment of rent is as follows, to-wit :

"And the said party of the second part, his heirs, executors, administrators and 'assigns, to pay the said party of the first part, as rent for said premises, the sum of one hundred and ten dollars ($110) per month for and during the time from the 1st day of May, 1878, to the 1st day of May, 1879, and the sum of one hundred and twenty-five dollars ($125) per month for and during the time from the 1st day of May, 1879, to the 1st day of May, 1884, and payable on the first day of each and every month, the amount for the remaining four (4) years, from May 1, 1884, to May 1, 1888, to be made and agreed upon by three disinterested parties owning and renting property in Chicago, each party of the first and second parts to

select one man, the said two selected to agree upon a third party. The parties to this lease agree hereby to abide by the decision of the parties selected."

All rent accruing under said lease up to the month of May, 1884, was duly paid, according to the terms of the lease. As appears from the evidence, there was a failure to appraise the amount of rent to be paid per month during the said remaining four years, the appraisers selected not being able to agree, and the appellee, Stose, brought this action against the tenants, the appellants, for the rent, as the same accrued by the month. The declaration contains four counts in debt, the second of which sets out a copy of the lease. The jury returned a verdict for Stose for $7000 debt and $1044.09 interest, as damages.

No fault is found with the amount of the recovery for the rental value of the premises, but appellants object to that part of the judgment allowing interest. The court instructed the jury that the plaintiff was entitled to recover interest, so that the question of law whether interest should be recovered under the contract and evidence, is fairly presented, and that is the only question presented by the record.

Section 2, chapter 74, of the Revised Statutes of 1874, provides in what cases interest may be recovered, as follows: "Creditors shall be allowed to receive at the rate of six (6) per centum per annum for all moneys, after they become due, on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge, and on money withheld by an unreasonable and vexatious delay of payment."

If this case is embraced within the statute, it is apparent that it must fall within the first clause, which provides for the recovery of interest on moneys, after they become due, on any

bond, bill, promissory note, or other instrument of writing. But it is strenuously insisted that this is not an action to recover money due upon an instrument in writing. It is, however, apparent, from an examination of the record, that the action is based on the written lease bearing date December 4, 1877. The second count of the declaration avers a demise for ten years, in writing, and sets out a copy of the lease as a part of the count. On the trial, the written lease was read in evidence, and no other evidence was offered to establish the relation of lessor and lessee, and the fact that the occupation of the premises by appellants was under the lease, was not a controverted question in the case. Indeed, the fact that the action is brought on the lease is manifest from the decision in *Stose* v. *Heissler*, 120 Ill. 433,—a case between the same parties, on the same lease, to recover a portion of the same rent. It is there said : "There is no provision in the lease before us for the selection of other referees in case those first selected do not agree, and we can not say, as a matter of law, that such an act is a condition precedent to the plaintiff's right to recover rent. The plaintiff has done all the written contract required him to do, unless we, by construction, annex terms and conditions thereto other than the parties saw fit to incorporate." On page 445 of the opinion of the court it is further said : "It would seem, therefore, that when the plaintiff in this case had done all that he was required to do, under the contract, to fix the rental value of the premises, and failed, without fault on his part, his right to sue for and recover a reasonable rent as it should fall due is sustained, both upon principle and authority." And as to when such rent should fall due, the court, on page 446, proceeds : "Taking the lease as a whole, the conduct of the parties, and the nature of the property, into consideration, we have no hesitation in holding that the rent for the entire term was intended to be payable monthly, in advance."

But to make the point plainer, it may be well to refer to the first part of the case cited. In the first sentence of the statement of the case it is said: "This was an action brought * * * for the recovery of a month's rent, claimed to be due under a lease by the plaintiff to defendants of certain real estate in the city of Chicago." Again, in the second sentence of the opinion this language will be found: "By the first count the plaintiff sought to recover $215,—a month's rent,—according to the terms of the written lease, and relying upon the finding of two of the three referees chosen under the provisions of the lease." The former suit was brought to recover for one month's rent, to-wit, the month of May; while this action is to recover for the remaining thirty-five months named in the lease, beginning with the 1st of June, 1884.

We think, therefore, it is plain that the action is predicated on the lease, and as heretofore stated, when the construction of the lease was before us in the former case of *Stose* v. *Heissler*, it was held that the rent named in the lease was due and payable monthly, in advance. The lease, in our opinion, was an instrument of writing, within the meaning of the statute, and after the rent became due, the plaintiff, by the express terms of the statute, was entitled to recover interest thereon. It is true that the amount of rent to be paid monthly, in advance, was undetermined; but the statute has not made an exception of a case of this character. By the terms of the statute, interest may be recovered for moneys, after they become due, on any instrument of writing. Here the money was due on an instrument of writing, and while it had not been determined whether the amount should be $150 or $200 per month, yet the amount, whatever it was, being due on an instrument of writing, no reason is perceived why the true amount, when ascertained, should not bear interest from the time due. Under the third clause of section 2 of the statute, interest is allowed on money due in the settlement of accounts, from the day of liquidating accounts between the parties and

ascertaining the balance; but this case does not fall within that provision of the statute. That clause of the statute does not apply. In this case there were no accounts to be settled and adjusted between the parties. On the other hand, there was a certain amount of money due monthly on a. written lease, for the rent of certain premises, and as the statute has, in plain words, declared that interest may be recovered on such money, courts can do no less than enforce the statute.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*