WAIALUA AGRICULTURAL COMPANY, LIMITED,
v. OAHU RAILWAY & LAND COMPANY.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 4, 1907.          DECIDED JANUARY 6, 1908.

HARTWELL, C.J., WILDER, J., AND CIRCUIT JUDGE DE BOLT
IN PLACE OF BALLOU, J.

PLEADING—*amendment of complaint.*
>    The opinion of this court in 18 Haw. 81, ordering a new trial and laying down a rule of apportionment applicable to the facts as then found, does not entitle plaintiff to amend its complaint.

OPINION OF THE COURT BY WILDER, J.

This is a reserved question from the circuit court of the first circuit. In 1905 plaintiff brought an action of assumpsit against defendant for $15,178.95, being for the use of certain lands at Waialua from October 1, 1898, to October 1, 1903, on an agreement by defendant dated October 12, 1898, that it would pay plaintiff for the use of said lands a fair minimum percentage of the total rental paid by plaintiff to the Bishop Estate for all of the lands, which amount was $3780 annually. The circuit court, jury waived, gave judgment for plaintiff for $4899.60 and on exceptions by each party that judgment was set aside and a new trial ordered. 18 Haw. 81. Then the

plaintiff moved for leave in the circuit court to amend its complaint so as to recover $17,301.16 in order to conform, as it claimed, with the facts and the law as laid down by this court. The motion being contested by defendant, the circuit court reserved for the consideration of this court the question of whether the amendments· proposed by plaintiff are in conformity with the decision of this court above referred to, in other words, should the motion to amend the complaint be granted?

This agreement first arose in *O. R. & L. Co. v. Waialua Agr. Co.,* 16 Haw. 520, when this court, after considerable difficulty in striving to attach a meaning to it, held that this defendant was required to pay for the land it used an amount which would be a fair minimum percentage of the total rental paid by plaintiff to be ascertained by considering the lowest reasonable estimates of the values of the areas used by each, the value to defendant being for pasturage only, and the value to plaintiff being for any purpose but limited to the unimproved condition of the land. The matter next arose in this court in 18 Haw. 81, when the judgment of the circuit court was reversed and a new trial ordered for the reason that the circuit judge considered merely the value of the land used by the defendant and not the value of the respective acreages used by each as set forth in the first case. Then, in order to guide the trial court, and assuming (perhaps unnecessarily) that the facts would probably be the same on the new trial, we laid down a rule of proportion in order to ascertain the amount owing by defendant. This rule, of course, should not be followed unless the facts should turn out to be the same, and consequently we do not consider ·that it is erroneous, as claimed, or that it should be changed. As it is impossible to know in advance what the facts on the new trial will be, if they turn out different from what they were on the first trial, no new rule will be laid down to meet such a contingency. There is no showing entitling plaintiff to amend its complaint.

The other matters which plaintiff requested should be further discussed are, we think, sufficiently covered in the previous decisions.

The reserved question, the real meaning of which we take to be whether plaintiff should be allowed to amend its complaint, is answered in the negative.

*D. L. Withington,* (*Castle & Withington* on the brief), for plaintiff.

*M. F. Prosser,* (*Kinney & Marx* on the brief), for defendant.