*W. C. Achi* for plaintiff.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for defendant.

---

# WAIALUA AGRICULTURAL CO., LTD., *v.* OAHU RAILWAY & LAND CO., LTD.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 17, 1909.                    DECIDED MAY 25, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

COURTS—*opinions, operation and effect of.*

Opinions like other instruments are to be read as a whole, each part in the light of the remainder.

INTEREST—*time from which it runs.*

On rent accrued on an instrument in writing interest runs, under R. L., Sec. 2693, from the date when the rent became due, even though its amount was not expressed in the instrument.

Waialua Agr. Co., v. O. R. & L. Co., 19 Haw. 446.

OPINION OF THE COURT BY PERRY, J.

The past history of this litigation is sufficiently stated in the opinions of this court reported in 16 Haw. 520 and in 18 Haw. 81 and 526. At the new trial had in accordance with the opinion reported in 18 Haw. 81, evidence was introduced by the parties upon the subject of the rental values for any purpose of the acreages used by the plaintiff and of the values for pasturage of the acreages used by the defendant. The circuit judge, jury waived, gave judgment for the plaintiff in the sum of $2218.46. Plaintiff excepted. Of the exceptions but two are now relied upon, one being to the apportionment made by the lower court of the total rent of $3780 paid annually by the plaintiff and the other to the disallowance of interest prior to judgment.

The trial court found, and its findings are not now questioned, that during the period of five years involved in this action the rental value for any purpose of the acreages used by the plaintiff, in an unimproved condition, was $5 per acre per year and that the rental value for pasturage of the acreages used by defendant was eight cents per acre per year. It also found that the acreages used by the parties were as follows: From October 1, 1898, to October 1, 1899, by the plaintiff, 315 acres and by the defendant 12,737 acres; from October 1, 1899, to October 1, 1900, by the plaintiff, 1959 acres and by the defendant 11,093 acres; from October 1, 1900, to October 1, 1901, by the plaintiff, 3179.5 acres and by the defendant 9872.5 acres; from October 1, 1901, to October 1, 1902, by the plaintiff, 3962 acres and by the defendant 9090 acres; from October 1, 1902, to October 1, 1903, by the plaintiff, 4362 acres and by the defendant 8420 acres. The sums found to be due by the defendant to the plaintiff were as follows: For the first year above stated, $1,484.85; for the second year, $314.02; for the third year, $178.89; for the fourth year, $133.85 and for the

fifth year, $106.82, or a total of $2218.46. Both from the language of his opinion and from the results reached by him, it is clear that the trial judge apportioned between the parties the $3780 total rent each year in the ratio that the values of the acreages used by the parties bore to each other.

The contention is that in so doing the trial court departed from the standard of apportionment laid down by this court in 18 Haw. 81, that the decision last referred to is now the law of the case and that neither the trial court nor this court is at liberty to disregard it or to set it aside.

This exception cannot be sustained. The rent was apportioned by the trial court in the ratio declared in the opinion in 18 Haw. 81 to be the correct one. The language used at page 88 of 18 Haw. in stating the rule of proportion was inexact as will appear from a reading of the other parts of that opinion as well as of the opinion in 16 Haw. 520 and 18 Haw. 526. The syllabus in 18 Haw. 81, prepared by the court, expressly declares *that the ratio between such values* determines the *percentage of the* total rental of *$3780* to be borne by each party. In 16 Haw. 520, at page 522, we said:

"We construe the agreements, however, as requiring the plaintiff to pay for the use of the land not the definite sum ascertainable by taking the ratio between the respective acreages used by the parties, but by *considering the values of the land so used.*" And again at page 525, "The parties, as we think, meant to fix the rent payable by the plaintiff to the defendant on the basis of the lowest reasonable estimate of the values of the respective areas of land varying of course from time to time to correspond with the values of the lands used by the plaintiff."

This language was repeated in 18 Haw. 81, at pages 85 and 86, and in 18 Haw. 527, the court recited its former ruling that the defendant was required to pay for the land it used an amount "which would be a fair minimum *percentage of the total rental* paid by the plaintiff to be ascertained by consider-

ing the lowest reasonable estimates of the values of the areas used by each." The essence of the ruling so made and repeated is that the total rent of $3780 for each year is to be *apportioned* between the parties *in the ratio between the values of their respective areas.* Opinions like other instruments are to be read as a whole, each part in the light of the remainder.

On the subject of interest there is great conflict in the authorities, some of it, perhaps, apparent only. In distinguishing between liquidated and unliquidated demands some courts appear to have in mind one definition of those terms and other courts another. Then again some of the decisions are based upon statutes and others are made in their absence. With reference to unliquidated demands interest is allowed in some cases from the date when the principal became due, in others from the date of demand, in others from the date of the institution of the action, and in still others, perhaps a majority of them, from the date of verdict. The reasoning in favor of the last named rule is that where the existence of the debt is in doubt and its amount uncertain, a party is not in a position to make or tender payment and should therefore not be called upon to pay interest except from the time when both of these disputed questions have been settled by judicial proceedings. On the other hand, it may well be said, in favor of the rule that interest shall date from the accrual of the right of action, that although the aid of a court is necessary in order to settle the controversy as to whether a debt existed and as to its amount, nevertheless the fact remains that the defendant during the whole of the intervening period has received the interest on, or otherwise had the use of, the money found by the court to be due, and that the plaintiff has been deprived of such interest or use. What the better rule may be in the absence of statute we need not say, for we have a statute which covers the point. R. L. Sec. 2693, as amended by Act 51, 1905, provides: "When there is no express contract in writing, fixing a different rate of interest,

interest shall be allowed at the rate of eight per cent. per annum, for all moneys after they become due on any bond, bill, promissory note or other instrument of writing, for money lent, for money due on the settlement of accounts, from the day on which the balance is ascertained, and for money received to the use of another, from the date of a demand made." Eliminating unnecessary portions, it is as though the command of the statute were that "interest shall be allowed * * * for all moneys after they become due on" * * * any "instrument of writing." The language is clear and unambiguous. The rent for which judgment has been given in the case at bar became due on an instrument in writing. There can be no doubt that the agreement which this court has construed in its various opinions above referred to is such an instrument. The statute makes no distinction, with reference to moneys due on a written instrument, between cases in which the amount is definitely stated in the instrument and those in which the provision as to the amount is such that the aid of a court is necessary in order to definitely determine it. In *Heissler v. Stose,* 131 Ill. 393, the action was for rent alleged to be due on a written lease. The provision of that instrument concerning the rent was that its amount should be "made and agreed upon by three disinterested parties owning and renting property in Chicago." The referees failed to agree and the amount was determined by a jury. The Illinois statute was practically the same as ours, its provision being that interest be allowed "for all moneys after they become due on any bond, bill or promissory note or other instrument of writing." The court held that the lease was an instrument of writing within the meaning of the statute and that after the rent became due the plaintiff, by the express terms of the statute, was entitled to recover interest thereon in spite of the fact that the amount was left undetermined in the lease. See also *Dick Co. v. Sherwood Letter File Co.,* 157 Ill. 325, 338. In *Chulan v. Princeville Plantation,* 5 Haw. 84, 90, an equity case, the

court allowed interest from the date of the writ only. The portion of the opinion relating to this subject is very brief and no reference is made to the statute. Whether the court in writing its opinion overlooked the statute or regarded the case then under consideration as not coming within its provisions does not appear. No later decision on the same point has as far as we are aware been rendered in this jurisdiction. Even if the *Chulan* case, on the subject of interest, is not distinguishable from that at bar we do not feel that we ought, in view of the plain language of the statute, to follow the rule there adopted.

The exception to the disallowance of interest is sustained and the case is remanded to the circuit court of the first circuit with directions to allow the plaintiff interest, at the legal rate, upon each annual instalment of the rent already awarded from the date when it became due and to enter judgment accordingly.

*D. L. Withington (Castle & Withington* on the brief) for plaintiff.

*M. F. Prosser (Kinney, Marx, Prosser & Anderson* on the brief) for defendant.