**James W. Myers, Plaintiff in Error, v. Martha Ruddy, Executrix, Defendant in Error.**

**Gen. No. 5247.**

1. INTEREST—*when recoverable under provision respecting money due on written instruments.* Liability accruing by virtue of a lease is a liability which carries interest under the statute providing for the collection of interest on written instruments.

2. LANDLORD AND TENANT—*"assessments" contained in lease providing for payment by latter construed.* A provision which obligates a lessee to pay such charges against the demised premises as taxes and assessments does not include special assessments.

3. LANDLORD AND TENANT—*when latter cannot remove improvements.* If a lessee retains by the lease a right to remove improvements provided he has observed the covenants of his lease, the observance of such covenants is a condition precedent to his right to remove such improvements.

Contested claim in court of probate. Error to the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard

in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

HOPKINS, PEFFERS & HOPKINS, for plaintiff in error.

RAYMOND & NEWHALL, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

On December 21, 1881, James W. Myers, plaintiff in error, leased lot six, block eight, Newberry's addition to Chicago to James and Watson Ruddy from the 1st of March, 1882, to the 1st of March, 1902. The lease was in writing and contained a provision that in addition to the annual rental agreed upon, the lessees should pay all water rates and taxes and assessments levied or assessed upon the demised premises including the taxes and asesssments of 1881, and if such water rates, taxes and assessments were not paid, the amount thereof should be considered as so much additional rent. The lessees did not pay the taxes for the years 1899, 1900 and 1901, nor a special assessment for grading, curbing and paving the street in front of the premises, and the premises were sold to satisfy the judgment. Myers paid the delinquent taxes, redeemed the demised premises from the special assessment sale, and filed a claim against the estate of James Ruddy, deceased, in the Probate Court of Kane county, for the full amount of the taxes and special assessments, including penalties and costs, and obtained a judgment for $571.29. From this judgment Martha Ruddy, defendant in error, executrix of the estate of James Ruddy, prosecuted an appeal to the Circuit Court of said county, and on a trial before the court without a jury, Myers obtained a judgment for $559.89, the amount of the delinquent taxes and special assessment, not including interest, penalties and costs. He sued out this writ of error to review the record, and assigned as error the refusal of the court to allow inter-

est on the several amounts. The executrix of Ruddy's estate, by leave of this court, assigned cross errors as follows: that the court erred in allowing the amount of the special assessment, $201.29, and in entering judgment for costs; and that the judgment was contrary to law and the evidence.

By the terms of the lease, the lessees contracted to pay the taxes. In consequence of their failure so to do, they were paid by plaintiff in error for the years 1899, 1900 and 1901, and the amount so paid under the terms of the lease, then became liquidated as rent; and under section 2, chapter 74 of our statute providing for the collection of interest on instruments in writing, and the authority of Walker v. Hadduck, 14 Ill. 399, and Heissler v. Stose, 131 Ill. 393, we entertain no doubt that plaintiff in error was entitled to recover interest on the amount paid for taxes in consequence of the default of the lessees.

In construing the terms of the lease, in order to give effect to the intent of the parties signing it, it is necessary to ascertain the sense of the words used; and in our opinion, in allowing the amount paid by plaintiff in error to redeem the premises from the sale for the special assessment, the court misconstrued the word "assessments" used in the lease. In City of Chicago v. Fishburn, 189 Ill. 367, it was said: "The meaning of the term 'assessment' in connection with taxation is well understood. It is an official valuation of property for the purpose of fixing the proportion of taxes which each one shall pay. Judge Cooley in his work on the law of Taxation (page 258), defines it as follows: 'An assessment, strictly speaking, is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. As the word is more commonly employed, an assessment consists in the two processes of listing the person's property, etc., to be taxed, and of estimating the sums which are to be the guide in an apportionment of the tax between

them.' '' ''There is a clear and manifest distinction between a tax and a special assessment. A tax is imposed for a general or public purpose. It is levied for the purpose of carrying on the government. It is a charge on lands and other property which lessens their value, and in the proportion in which the owner is required to pay is his pecuniary ability diminished. This is the sense in which the term 'taxation' is used and understood.'' De Clercq v. Barber Paving Co., 167 Ill. 215. The word ''assessment'' frequently appears in the revenue act and we are of the opinion that it does not enlarge the scope or extent of the meaning of the word ''taxation'' as defined in the above case. On the other hand a special assessment contains none of the distinctive features of a tax. It is, as the same indicates, levied for a special purpose and not for a general purpose. ''It is not a charge on an estate which reduces its value.'' The assessment is made on the ratio of advantages accruing to the property in consequence of the improvement. In no case can the assessment exceed the advantage accruing to the property assessed. It is therefore regarded but an equivalent or compensation for the increased value the property will derive from the improvement which the assessment is levied to discharge. City of Chicago v. Baptist Theological Union, 115 Ill. 245. In County of McLean v. City of Bloomington, 106 Ill. 209, it was held there was a distinction between taxation and special assessments—that an exemption from taxation was not exemption from special assessments. Cooley on Taxation, 1st ed., 146, 147. ''Indeed, the distinction between a tax and a special assessment is so well understood that the law may be regarded as well settled that an agreement on the part of a lessee to pay the taxes on the demised property would not include a special assessment. When, therefore, the parties, in making this lease, used the word 'taxes,' it will be presumed they intended it should have the same meaning

which has been placed upon it by the courts." De Clercq v. Barber Paving Co., *supra.*

To hold in this case that the word "assessments" appearing in this lease was intended to include special assessments levied for the benefit of the property, would be to hold that the parties intended that the lessees should pay for all the increase in value of the demised premises made by way of special assessment during the term of the lease, which would be unreasonable.

The lease contained provision that if its covenants were observed, the improvements put upon the premises should belong to the lessees at its expiration, removable at their cost within sixty days after the expiration of the lease. Defendant in error contends that it was the duty of plaintiff in error under the terms of the lease to sell such improvements for the unpaid rent and general taxes and pay the surplus, if any, to defendant in error, and that she should be permitted to set-off the value of the improvements against the claim. Plaintiff in error replies that the failure of the lessees to pay the taxes and assessments as stipulated for in the lease, was such a failure to fulfil its covenants as to bar defendant in error from the right to recover the value of the improvements. There is proof in the record that there were improvements of certain value on the premises, but no proof that they were placed there by the lessees; nor was there any provision in the lease that would compel the landlord to sell the improvements, deduct the rent and taxes for the money received therefor, and account to the lessees for the surplus. It does not appear that any effort was made by the lessees or their representatives to remove the improvements, or that they ever asked permission to remove them and were refused. Moreover, they had no right to do so until they had complied with the provisions of the lease in full; and as they have not yet done so, such right has not yet accrued to them. We hold that defendant in error has no set-off for the

value of the improvements against this claim, and we are not called upon to decide whether a recovery can be had of the difference between the value of the improvements and the amount of the delinquent taxes and interest. That right, if any exists, must be enforced in some other action.

The court erred in refusing to enter judgment for interest on the amount paid for taxes and in awarding judgment for the amount of the special assessment.

The judgment is reversed and the cause remanded. Each party will be adjudged to pay one-half of the costs in this court.

*Reversed and remanded.*