GORDON DRY GIN CO., Limited, v. RIGHEIMER et al.

(Circuit Court of Appeals, Seventh Circuit. April 29, 1919.)

No. 2645.

TRADE-MARKS AND TRADE-NAMES ☞62—INFRINGEMENT OF TRADE-MARK RIGHTS.

    The practice of a saloon keeper of pouring gin from one of complainant's trade-marked bottles into another and serving drinks from the latter, due to the fact that customers preferred to pour from a nearly full, rather than a nearly empty, bottle, held not an infringement of complainant's trade-mark rights.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Gordon Dry Gin Company, Limited, against John C. Righeimer and John C. Righeimer, a corporation. Decree for defendants, and complainant appeals. Affirmed.

George W. Tucker, for appellant.
Frank S. Righeimer, of Chicago, Ill., for appellees.

Before BAKER and ALSCHULER, Circuit Judges, and FITZHENRY, District Judge.

BAKER, Circuit Judge. Appellant, maker of Gordon gin, sold its product only in trade-marked bottles. Appellees operated a saloon

in Chicago, and bought Gordon gin from wholesale liquor dealers. In its bill appellant charged appellees with refilling appellant's bottles with inferior gin of other makes. The master in his report recited the conflicting evidence, and found that appellant "has failed to sustain by a preponderance of evidence" the aforesaid charge. This finding, approved by the trial court, we will not disturb, because the record discloses a dispute of fact involving the weight and credibility of oral testimony.

Under an amendment of its bill appellant contends that appellees' admitted practice of pouring Gordon gin from one of appellant's trade-marked bottles into another and selling drinks across the bar from the latter bottle is an infringement of appellant's trade-mark rights. The master found that this practice was general among saloon keepers and was due to the fact that drinkers like to pour their drinks at bars from nearly full bottles rather than from nearly empty ones. There was no deception of any one. Instead of diminishing appellant's trade, the practice of acceding to drinkers' preferences would have a tendency to increase, or at least to uphold, the consumption of Gordon gin. Manifestly appellant intended that its bottles should be opened and the contents dispensed by the drink. If consumers at saloon bars will not take the last gill in a bottle, appellant's theory of its legal rights would deprive appellees of property they had bought and paid for. The mere statement of the theory carries its own refutation, we believe. Coco-Cola Co. v. Bennett, 238 Fed. 513, 151 C. C. A. 449, has no bearing, in our judgment, upon such a situation as here is presented.

The decree is affirmed.