In re MORRISON.

MORRISON v. RIEMAN.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919.)

No. 2691.

1. BANKRUPTCY ☾467—REVIEW OF FINDING OF REFEREE ON CONFLICTING EVIDENCE APPROVED BY TRIAL COURT.

A finding of a referee, allowing a claim in bankruptcy based on conflicting evidence, when approved by the bankruptcy court, will not be reviewed on appeal.

2. COURTS ☾366(14)—DECISIONS OF STATE COURT AS TO INTEREST AS PRECEDENT.

In determining whether interest was allowable on a claim arising out of written contract, under Hurd's Rev. St. Ill. 1917, c. 74. § 2, the federal courts must follow the decisions of the Illinois courts.

3. INTEREST ☾19(1)—ON UNLIQUIDATED DEMAND BASED ON WRITTEN INSTRUMENT.

Under Hurd's Rev. St. Ill. 1917, c. 74, § 2, providing, in absence of stipulation, for interest at 5 per cent. on all moneys after they become due on a bond, bill, note, or other instrument in writing, interest is allowable on a sum found due on a written contract, even though it did not partake of the nature of a note or bond, and the amount due was uncertain until resolved by legal ascertainment.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Edward W. Morrison, bankrupt. From a decree of the District Court, approving the referee's allowance of the claim of Charles S. Rieman, the bankrupt appeals. Affirmed.

See, also, 249 Fed. 97, 161 C. C. A. 149; 252 Fed. 127, 164 C. C. A. 239.

James R. Ward, of Chicago, Ill., for appellant.

Daniel W. Scanlan and Ira Ryner, both of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

BAKER, Circuit Judge. This is an appeal by the bankrupt from the District Court's approval of the referee's allowance of a claim filed by appellee.

[1] Appellant's principal contention is that the evidence is insufficient. On looking into the record, we discover that his real insistence is that we should override the direct and circumstantial evidence which supports the claim, and declare in his favor on testimony which the referee found to be perjured and on documentary evidence which the referee found to have been manufactured under a conspiracy to defeat the claim. Appellant mistakes the function of an appellate court's review of the report of a referee or master which was based on an oral hearing of conflicting evidence and which has been confirmed by the trial court. In re Schulman, 177 Fed. 191, 101 C. C. A. 361; Poff v.

☾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Adams, 226 Fed. 187, 141 C. C. A. 185; In re Lally (D. C.) 255 Fed. 358; Gordon Dry Gin Co. v. Righeimer, 258 Fed. 925, —— C. C. A. ——.

Appellee's claim was predicated upon appellant's written undertaking to pay appellee one-half of the money and property belonging to appellant and in possession of third persons, which appellee should recover or assist in recovering through services rendered or information furnished by appellee. March 8, 1910, was found by the referee and the court to be the date on which appellee's right to payment accrued. Appellant complains of the allowance of interest at the Illinois statutory rate from March 8, 1910, to August 8, 1916, the date of the initiation of the bankruptcy proceeding.

[2, 3] Appellant's position is that the claim was not founded on a contract in writing for the payment of money within the meaning of section 2, chapter 74, Revised Statutes of Illinois, which provides, in the absence of any stipulated interest, for interest at "5 per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing." The argument is that "other instruments in writing" must be limited to those of the same nature as "bonds, bills and promissory notes," and that the contract in suit is not of that nature, because the amount and the date of payment are uncertain.

But we shall not undertake an independent analysis of the statute, for it is our duty to adopt and apply the interpretation given by the Supreme Court of Illinois. The construction placed upon the statute by that court in Scroggs v. Cunningham, 81 Ill. 110, Heissler v. Stose, 131 Ill. 393, 23 N. E. 347, and A. B. Dick Co. v. Sherwood Letter File Co., 157 Ill. 325, 42 N. E. 440, is well stated in E. J. & E. Ry. Co. v. N. W. National Bank, 165 Ill. App. 35, 42, as follows:

"Every demand for money fundamentally involves the question of the right of the claimant to it and to how much. These questions may be the subject matter of prolonged controversy. Nevertheless, when those uncertainties shall be at last resolved by legal ascertainment, the title and quantum as found, if they shall have arisen upon an instrument in writing for the payment of money, will, when found, relate back, for the purpose of the computation of interest, to the date at which the right of the determined quantum originally existed in the law."

Under the Illinois authorities we have no doubt that the allowance of interest was proper.

The decree is affirmed.