(No. 54302.—

GENERAL DYNAMICS CORPORATION v. ZION STATE BANK & TRUST COMPANY *et al.* (Beverly Jensen, Appellant, v. Bruce Boyke, Appellee).

*Opinion filed September 30, 1981.*

William E. Hartnett, of Waukegan (Joseph W. Griffin, of counsel), for appellant.

Smythe & Lee, of Waukegan, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Material Service Division of General Dynamics Corporation brought this action in the circuit court of Lake County to enforce a mechanic's lien, ultimately joining as defendants, among others, Pate's Drywall and Painting, Inc. (Pate's Drywall), Bruce Boyke and Beverly Jensen. Beverly Jensen (hereafter plaintiff) filed a counterclaim which, as amended, alleged that she was the assignee of a contract between Pate's Drywall and Bruce Boyke (hereafter defendant) and sought to recover from defendant payment under that contract. Pursuant to a settlement agreement, the complaint filed by Material Service was dismissed, leaving only the counterclaim still pending. Following a bench trial the circuit court entered judgment in favor of plaintiff Jensen and against defendant Boyke in the sum of $15,713.51. Defendant appealed and plaintiff cross-appealed. The appellate court, in a Rule 23 order (73 Ill. 2d R. 23), reversed (89 Ill. App. 3d 1204), and we allowed plaintiff's petition for leave to appeal.

In early 1968, defendant entered into an agreement with Pate's Drywall to install drywall in an apartment building owned by defendant, which was being constructed at 805

Baldwin in Waukegan. On March 7 and March 13, 1968, defendant and Pate's Drywall signed two virtually identical written contracts specifying the terms and conditions of their agreement, which set the price for the work at $43,500. It appears from the testimony that work was begun by employees of Pate's Drywall in March or April of 1968 and continued until late in the summer of 1968, when defendant demanded that Pate's Drywall leave the job. A dispute had arisen concerning the length of time being spent on the job and the quality of workmanship. The drywalling of defendant's building was thereafter completed by other workmen hired by defendant.

Plaintiff was a shareholder in and vice-president of Pate's Drywall but did not supervise any of the work on the job in question.

Sometime after the written contracts with defendant were executed, Pate's Drywall borrowed money from the Bank of Waukegan. Plaintiff introduced photocopies of three notes drawn in favor of the bank executed by Neal Pate and plaintiff for the corporation. One note was for $24,000 and due on May 21, 1968; the second was in the amount of $15,909.92 and due on July 1, 1968; and the third was due on July 15, 1968, and drawn in the amount of $6,000. This third note reflects payments and a balance due of $5,090.79. Each of these notes was signed also on the back by plaintiff and Neal Pate as guarantors. In addition, each of these three notes introduced into evidence bore the following handwritten notations on the back:

"Pay to the order of _____
without recourse either express or implied
Bank of Waukegan
R. D. Newland Pres."

The note due on May 21, 1968, also bore the notation "extended to June 20, 1968." In the portion reserved for descriptions of collateral, each note referred to assignments of accounts receivable or contracts, and one, the $24,000 note, referred to the contract with defendant.

Plaintiff also introduced three additional notes drawn to the Bank of Waukegan which were originals rather than photocopies. Again, each was signed by plaintiff and Neal Pate both as officers and as guarantors. One note, due July 31, 1968, was in the amount of $24,000; the second was dated July 1, 1968, and due in 30 days and drawn in the amount of $15,909.92; and the third was dated July 15, 1968, was due in 30 days and drawn in the amount of $5,090.79. These notes also referred to assignments of receivables on contracts and, again, the $24,000 note referred to the contract with defendant.

Plaintiff introduced two documents, each being styled as an "assignment." The first, dated March 22, 1968, assigned to the Bank of Waukegan for value received the "contract with reference to Imperial Manor Apartments, Baldwin Street, Waukegan, Illinois between Pate's Drywall and Painting, Inc. and Bruce Boyke Imperial Towers." The other, dated April 26, 1968, assigned to the Bank of Waukegan "all existing as well as future accounts receivable for jobs completed and jobs in the process of completion." Each assignment was executed by plaintiff and Neal Pate for the corporation.

The circuit court found that plaintiff was the assignee of claims of Pate's Drywall and that Pate's Drywall had substantially completed the contract in question. However, it allowed defendant a setoff for the sums expended for completion of the drywalling and satisfying the claims of materialmen. The appellate court stated that the record failed to show that the contract security was assigned by the Bank of Waukegan to plaintiff and that the circuit court's finding that plaintiff was the assignee of the contract was against the manifest weight of the evidence. Because it reversed the judgment on that ground it considered no other issues.

We do not agree with the appellate court that the circuit court's finding that plaintiff was the assignee of the contract

was against the manifest weight of the evidence. Plaintiff testified without contradiction that she had paid the notes held by the Bank of Waukegan, and the record does not show any participation by the bank or any assertion of any claim to or interest in the proceeds of the contract. Further, the record shows that in an answer filed by defendant Boyke to the original complaint, and verified by him, it was stated "that on or about the 22nd day of March, 1968, the Defendant Pate Drywall and Painting, Inc. assigned the proceeds of the contract referred to in Paragraph three (3) above between Bruce Boyke and Pate Drywall and Painting, Inc. to the Bank of Waukegan, Waukegan, Illinois; and further, that said Assignment has been re-assigned by the Bank of Waukegan, Waukegan, Illinois to Beverly Jensen; ***." This pleading, verified by defendant, was an admission which was sufficient to support the circuit court's finding that defendant's contract with Pate's Drywall had been assigned to plaintiff.

Plaintiff contends that the circuit court erred in failing to enter judgment in her favor for the full amount of the contract entered into between defendant and Pate's Drywall. She argues that the evidence shows that the failure, if any, on the part of Pate's Drywall to fully perform the contract was caused by defendant's having made it impossible for Pate's Drywall's employees to come upon the premises to complete the work. She argues, too, that the circuit court's finding that defendant was entitled to setoffs for the expenses of completion of the work and for sums paid to materialmen was against the manifest weight of the evidence.

This cause was heard by the circuit court without a jury, and our examination of the record shows that the court's findings on these issues were not against the manifest weight of the evidence.

Plaintiff, in her complaint, requested interest on the amount due her under the contract "on account of unrea-

sonable and vexatious delay in the payment thereof." However, the circuit court found that there was no unreasonable and vexatious delay on the part of defendant and declined to award interest. Plaintiff contends this was error.

Section 2 of "An Act in relation to the rate of interest *** " (Ill. Rev. Stat. 1979, ch. 74, par. 2) provides in part:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due *** on money withheld by an unreasonable and vexatious delay of payment."

This court has not recently dealt with an award of interest in connection with a construction contract. However, the rule was correctly stated in *Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 398:

"Interest is not awarded on money that may be found due, if the person withholding payment has done so in good faith, because of a genuine and reasonable dispute. In other words, interest would be a proper element of recovery only if it could be said [a] relationship of debtor and creditor existed between the parties. Mariner v. Gilchrist, 280 Ill. 544, 117 N.E. 695.

Interest can be awarded on money payable under building contracts, even when the amount payable may be uncertain until legally resolved; In re Morrison, 261 F. 355, Downey v. O'Donnell, 92 Ill. 559, but it has been held error to allow interest on an amount due when, as here, that amount depends largely upon the construction placed on the terms of a contract, and upon questions of fact about which there is room for a difference of opinion. O'Heron v. American Bridge Co. of New York, 177 Ill. App. 405."

The dispute at bar was both genuine and substantial. Ample evidence was presented on each side concerning whether plaintiff substantially performed the contract and whether the sums expended by defendant were necessary and reasonable. Accordingly, we conclude that there was nothing unreasonable or vexatious about defendant's delay

in paying, and the circuit court did not err in refusing to award interest. See also Annot., 60 A.L.R.3d 487 (1974).

For the reasons stated the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.