---

(No. 12187.—Appellate Court reversed; superior court affirmed.)
JOHN A. McCORMICK, Plaintiff in Error, *vs.* JAMES S. HOPKINS, Defendant in Error.

*Opinion filed February 20, 1919.*

1. BANKS—*Supreme Court takes judicial notice that banks allow interest on time deposits.* The Supreme Court will take judicial notice that many banks allow interest upon time deposits, and in some cases upon open checking accounts on the daily balances.

2. SAME—*what does not change a deposit into a loan.* While a certificate of deposit not subject to check, payable at a future time and bearing interest, is, in effect, a promissory note and negotiable as such, these circumstances do not change the character of the transaction from a deposit to a loan, where the certificate is called on its face a time certificate of deposit, is in the usual form in which such certificates are issued by banks and is payable only upon demand at the bank and on the return of the certificate properly indorsed.

3. SAME—*what is included in the term "deposit."* The word "deposit," according to its commonly accepted meaning among bankers and the public, includes not only deposits payable on demand and subject to check but deposits not subject to check, for which certificates, whether interest-bearing or not, may be issued, payable on demand or on certain notice or at a fixed future time.

4. SAME—*bank is not bound to receive deposits.* A bank is not bound to receive deposits from anyone but may choose those from whom it will accept deposits, and when it issues a certificate of deposit it enters into a contract with the depositor.

5. SAME—*deposit may consist of bank's own certificate of deposit.* A deposit may consist of the bank's own certificate of deposit, where the depositor surrenders the certificate at maturity, the bank makes the proper entries in its books and issues a new certificate showing the new contract of deposit.

6. SAME—*what evidence is admissible in a proceeding against surety company.* Where deposits are made in the name of "John A. McCormick, Treas.," of funds of a sanitary district, in a proceeding, after the failure of the bank, to recover from the receiver of a surety corporation the amount of a bond issued by it to such person to secure deposits of funds of the sanitary district, evidence is admissible to show that the funds deposited were those of the district.

7. SAME—*when liability of surety company on bond to secure deposits is not limited to checking account.* Where a bond to secure the deposits in a bank of funds of a sanitary district says nothing as to the name, form or method in which deposits shall be made or withdrawn, except that the bank shall pay out the funds in accordance with the warrant, check or direction of the treasurer of the district and account for and pay over all funds received by it as such depository, the liability of a surety company on the bond is not restricted to a checking account but extends to time deposits.

8. SAME—*when method of deposit by treasurer of sanitary district does not constitute embezzlement.* A treasurer of a sanitary district is personally liable to the district for the safe keeping of its funds, and he does not commit embezzlement by depositing the funds of the district in a bank in his own name, followed by the word "Treas.," even though the deposits are not immediately payable and draw interest, where the interest is accounted for to the sanitary district. (*Estate of Ramsay* v. *Whitbeck,* 183 Ill. 550, distinguished.)

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

DEFREES, BUCKINGHAM & EATON, (GEORGE T. BUCKINGHAM, MARQUIS EATON, and DON KENNETH JONES, of counsel,) for plaintiff in error.

A. J. HOPKINS, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The LaSalle Street Trust and Savings Bank on June 2, 1914, executed a bond, with the Illinois Surety Company as surety, to John A. McCormick, treasurer of the Sani-

tary District of Chicago, in the penalty of $25,000, subject to the following condition:

"The condition of the foregoing obligation is such, that whereas The LaSalle Street Trust and Savings Bank has been designated by said obligee as depository of funds and moneys coming into his hands as such treasurer of said Sanitary District of Chicago; and whereas said obligee may from time to time deposit said funds and moneys with said The LaSalle Street Trust and Savings Bank;

"Now, therefore, the condition of the foregoing obligation is such that if the said The LaSalle Street Trust and Savings Bank shall well and faithfully perform and discharge its duties as such depository and pay out the funds and moneys so deposited with it, and each and every part thereof, in accordance with the warrant, check or direction of the said J. A. McCormick, as such treasurer, and shall account for and pay over all moneys received by it as such depository, then this obligation shall be null and void, otherwise to remain in full force and effect."

On June 11, 1914, the bank issued the following certificate:

"Time Certificate of Deposit.—The LaSalle Street Trust and Savings Bank of Chicago.—No. 265.

CHICAGO, ILLINOIS, *June 11, 1914.*

"John A. McCormick, Treas., has deposited with us fifty thousand .......... 00/100 dollars, payable to the order of himself in current funds on the 3d day of September, 1914, without grace, on the return of this certificate properly endorsed, interest from June 3, 1914.                                        CHAS. G. Fox,

E. STAPLETON, *Teller.*                    *Vice-President and Cashier.*

        Not subject to check."

On June 12, 1914, the bank ceased to do business and on the application of the Auditor of Public Accounts a receiver was appointed for it. When the certificate of deposit became due, demand of payment was made on the bank and its receiver and payment was refused. James S. Hopkins having been appointed receiver of the surety company under a bill for the dissolution of the corporation, an intervening petition was filed in that suit in the superior court of Cook county by McCormick, treasurer of the Sanitary District of Chicago, praying that his claim against the

LaSalle Street Trust and Savings Bank be allowed and paid out of the assets of the surety company.

The answer of the receiver stated that it was represented to the surety company shortly before the execution of the bond that McCormick was about to receive from the Sanitary District of Chicago $75,000 in cash, which he proposed to deposit in the LaSalle Street Trust and Savings Bank on condition that the bank would execute to him depository bonds to that amount, and that said surety company and two other surety companies executed bonds identical in form and amount with the bonds set out in the petition; that said bonds were not to secure the petitioner against money that he had prior to their date received from the sanitary district or deposited in the bank, but were specifically worded so as to hold the several surety companies liable only for money received from the sanitary district by the petitioner subsequent to the execution of the bonds and for funds and money deposited in the bank subsequent to the execution of the bonds. The answer denied that the petitioner deposited in the bank on June 11, 1914, $50,000 in funds or money of the sanitary district, and averred that said $50,000 was represented by a certificate of deposit for that amount payable to the petitioner by the bank on June 4, 1914, and that instead of requiring the bank to pay the amount of said certificate, the petitioner, without the knowledge and consent of the surety company, gave further time to the bank to pay said $50,000, in consideration of his surrendering the old certificate of deposit then due and its cancellation; that the bank issued the certificate of deposit in controversy upon the surrender of the former certificate, and that the surety company was thereby released from any liability upon the bond. The answer insists that the instrument executed by the bank on June 11, 1914, was a promissory note given in renewal of previous notes for a loan made by McCormick to the bank a year before, evidenced by a similar certificate, which was renewed after three

months by another certificate of the same character. The answer further stated that McCormick, as treasurer of the sanitary district, entered into an agreement with the bank to receive three per cent interest, quarterly, on said $50,000, which he received without the knowledge of the surety company; that such agreement was in violation of section 81 of the Criminal Code, and that therefore the certificate of deposit is void.

On the hearing it was shown that the funds were those of the sanitary district. On June 3, 1913, an instrument called a time certificate of deposit, identical in every way with the certificate of June 11, 1914, except the date of issue and date of maturity, was issued. It was payable on September 3, 1913, when it was surrendered and canceled. A cashier's check for the interest, $375, was at the same time given to McCormick, which he accounted for to the sanitary district, and another identical certificate, except as to the date of issue and maturity, was issued. On December 3, 1913, March 3, 1914, and June 11, 1914, successively, the same thing occurred in regard to the certificate of September 3, 1913, and those successively issued. The superior court rendered a decree in favor of the petitioner, requiring the receiver of the surety company to pay the petitioner the amount of the bond in due course of administration. On appeal by the receiver the Appellate Court reversed the decree of the superior court and remanded the cause, with directions to disallow the claim. The petitioner sued out a writ of *certiorari*, and the record has been brought here for review.

The questions to be decided are whether the certificate of the bank of June 11, 1914, evidences a deposit of funds then made, and if so, whether it is within the condition of the bond.

The certificate is called, on its face, a time certificate of deposit. It is in the usual form in which such certificates of deposit are issued by banks. It is not subject to check,

is payable at a future time and bears interest. But these circumstances do not, of themselves, change the character of the transaction from a deposit to a loan. We take judicial notice that many banks allow interest upon time deposits, and even in some cases upon open checking accounts on the daily balances. It is true that we have held a certificate of deposit such as this to be, in effect, a promissory note and negotiable as such. (*Kavanagh* v. *Bank of America,* 239 Ill. 404.) It does not, therefore, cease to be a certificate of deposit and the transaction is not transformed into a loan. It has still the distinguishing features of the bank deposit that it is payable only upon demand at the bank and on the return of the certificate properly indorsed. The borrower of money who executes a promissory note for it is bound to seek his creditor and pay him, and a bank is not different in this respect from an individual. But a bank is not obliged to seek its depositors and pay them. "Deposits are made in banks in accordance with universal commercial usage, which becomes a part of the law of the transaction. They are neither loans nor bailments in the strict sense of the term. A deposit is a transaction peculiar to the banking business and one that the courts should recognize and deal with according to commercial usage and understanding." (*Elliott* v. *Capital City Bank,* 128 Iowa, 275.) While the certificate of deposit is a promissory note and is negotiable, nevertheless the transaction out of which it arises is a deposit and not a loan. An ordinary deposit in the usual course of business, while it creates the relation of debtor and creditor, is not a loan to the bank. (*Officer* v. *Officer,* 120 Iowa, ·389; *Hunt* v. *Hopley,* id. 695.) The word "deposit," according to its commonly accepted and generally understood meaning among bankers and by the public, includes not only deposits payable on demand and subject to check, but deposits not subject to check, for which certificates, whether interest-bearing or not, may be issued, payable on demand

or on certain notice or at a fixed future time. (*People v. Belt*, 271 Ill. 342; *State v. Shove*, 96 Wis. 1; *Ellis v. State*, 138 id. 513; *State v. Cadwell*, 79 Iowa, 432; *State v. Sattley*, 131 Mo. 464; *Wilkins & Co. v. Arthur*, 91 S. C. 163.) When the deposit was made by the plaintiff in error on June 3, 1913, he deposited $50,000 with the bank and received a time certificate of deposit, and at the maturity of that certificate he surrendered it to the bank, it was marked paid, he received a check for the interest and another certificate of deposit for $50,000; and this same course was followed at the maturity of each succeeding certificate. . The books of the bank showed in the record of time deposits a charge of the certificate paid and a credit of the certificate canceled. When the bank borrowed money and gave notes the transactions were not included in the record of certificates of deposit but in the account of bills payable, and whenever money was borrowed it was done under the authority of the board of directors obtained for that purpose, but when certificates of time deposits were issued they were not subject to the directors' authorization. When the bank received deposits on certificates a record was made showing by whom the deposits were made, and it was the same general record as to demand and time deposits. Under the evidence this transaction was an ordinary deposit made in the usual course of business on a time certificate.

The first deposit was made on June 3, 1913. Was there a deposit of funds or money of the district on June 11, 1914? On that day the plaintiff in error held the certificate of deposit of the bank for $50,000. He held it as treasurer of the sanitary district, to which the fund belonged, and was entitled to demand immediate payment of it. He presented the certificate and made a new contract of deposit with the bank, receiving another certificate which evidenced the new contract and surrendering the old certificate. The relation of banker and depositor is not one

imposed by law but is voluntarily assumed. It is a matter of contract. A bank is not bound to receive deposits from anyone but may choose those whom it will accept as depositors and the terms and conditions on which it will accept deposits. When it issues a certificate of deposit it enters into a contract with the depositor. When the certificate of deposit of June 11, 1914, was issued a new contract of deposit was made between the bank and the plaintiff in error. The old certificate was taken up and canceled, the new certificate was issued and the entries on the books of the bank showed these transactions. The contract evidenced by the old certificate had then been performed. A new deposit had been made. If the plaintiff in error had deposited. the certificate of another bank there could be no question about the deposit. The fact that the deposit consisted of a certificate of the bank receiving the deposit does not make the transaction essentially different. (*State* v. *Shove, supra.*) In either case the certificate was due and the plaintiff in error was entitled to receive the money. In the one case the certificate is deposited in the bank, which accepts it as so much cash and undertakes its collection instead of requiring the depositor to collect it and deposit the money; in the other the bank also accepts the certificate .as so much cash, and, instead of insisting on paying the money through one agent to the holder and requiring him to deliver it to another agent for deposit, makes the proper entries in its books and issues the certificate showing the new contract of deposit. The cash was supposed to be present in the bank, and it was not necessary that it should be passed back and forth over the counter.

The defendant in error argues that the condition of the bond covers only funds of the district coming to the plaintiff in error's hands after the execution of the bond, which were deposited by him officially as treasurer of the district and which could be withdrawn only by a check signed by him as treasurer. The language of the condition an-

swers these contentions. The funds referred to were funds
and moneys coming into the hands of the plaintiff in er-
ror as treasurer of the Sanitary District of Chicago from
any source, at any time. There is no limitation of the lan-
guage. The obligee of the bond is J. A. McCormick, treas-
urer of the Sanitary District of Chicago, and the condition
refers to deposits which the obligee may make of the funds
of the district. The evidence shows that the funds belonged
to the district, and nothing is said in the bond as to the
name or form in which the deposits should be made. They
were made in the name of John A. McCormick, treasurer,
and evidence was admissible to show that the funds were
those of the district. The bond says nothing as to the name,
form or method in which deposits should be made or with-
drawn, except that the bank was required to pay out the
funds in accordance with the warrant, check or direction
of McCormick as such treasurer. The bank was also re-
quired by the condition to account for and pay over all
moneys received by it as such depository. The language
does not restrict the deposit to a checking account, for it
provides for paying out by warrant, check or direction of
McCormick as such treasurer, which in the case of a cer-
tificate of deposit might be by indorsement. Such a con-
dition does not restrict the liability to a checking account.
(*Board of Court House Comrs.* v. *Irish American Bank,*
68 Minn. 470.) Moreover, the bank was also required
by the condition to account for and pay over all moneys
received by it as such depository, and this obligation was
subject to no restriction.

The defendant in error insists that by the certificate of
June 11, 1914, an extension of time was granted to the bank
without the surety's knowledge or consent, and that the lat-
ter was thereby released. The doctrine referred to has no
application here. The bond did not restrict the character
of deposits to be made, and time deposits, as well as those
payable on demand, were within its contemplation.

The contention is made on behalf of the defendant in error that the deposit of the funds of the sanitary district and the taking of the certificate of deposit in the form in which it was taken constituted an embezzlement of the funds of the district. Section 81 of the Criminal Code provides, in substance, that if any public officer shall use, by way of investment or loan, for his own use, except as authorized by law, any portion of the money, funds or securities intrusted to him for safe keeping, disbursement, transfer or other purpose, he shall be fined or imprisoned or fined and imprisoned. It is argued that the word "Treas." in the certificate is merely descriptive of the person; that the obligation is only to the plaintiff in error personally, and that the deposit in his own name was a conversion of the funds of the district. The case of *Estate of Ramsay* v. *Whitbeck,* 183 Ill. 550, is supposed to sustain this contention. It was decided in that case that an agreement by the State Treasurer to deposit public money in banks in consideration of the allowance of interest to him personally was a violation of this section as well as against the public policy of the State. While the word "Treas." did not constitute a statement that the funds were those of the sanitary district and that the deposit was for its account, it does tend to disprove any inference, if any such inference would otherwise arise, that the deposit was an investment or loan by McCormick for his own use, and the inference is shown to be wholly without foundation when it appears, as it does from the evidence, that the interest was accounted for as it was received, to the sanitary district. The plaintiff in error, as treasurer, was entitled to receive the funds of the district and was personally liable as an insurer for their safe keeping. The failure of a bank in which he might deposit them would not relieve him from responsibility, nor would the loss of them by theft or robbery, if he undertook to keep them in his personal custody. (*People* v. *McGrath,* 279 Ill. 550.) If the obligation of the certificate is

to the plaintiff in error personally, so is the obligation of the bond. If the word "Treas." is descriptive of the person in the one, so are the words "treasurer of the Sanitary District of Chicago" in the other. The treasurer was not required to keep the funds in his personal custody, but he was personally responsible for any custodian he might select. To secure himself against loss by reason of such responsibility the bond was taken. The mere deposit of the funds in the name of "John A. McCormick, Treas.," was not embezzlement, even though they were not immediately payable and drew interest. The propriety of such a deposit was a question for the sanitary district and its treasurer but not for the defendant in error.

The judgment of the Appellate Court will be reversed and the decree of the superior court affirmed.

*Judgment of Appellate Court reversed.*
*Decree of superior court affirmed.*