## NATIONAL SURETY CO. v. McCORMICK.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1920.)

### No. 2751.

1. **Principal and surety ⟂59—Compensated suretyship treated like other insurance.**

   The obligation of a contract of insurance, in the form of a bond entered into by the surety for the revenue which it derives from the business of suretyship, should be treated as other insurance contracts, which are usually construed most strongly against the insurer.

2. **Depositaries ⟂14—Treasurer of Chicago Sanitary District could sue on depositary's bond in own name.**

   Where a bank, with which the treasurer of the Chicago Sanitary District had deposited funds of the district, failed, the treasurer could properly sue in his own name the surety on the depositary's bond; for his obligation to the district, under Hurd's Rev. St. Ill. 1917, c. 24, § 346, and rule 15 of the district's board of trustees, adopted thereunder, was absolute, so that any security which he might take for repayment to him of deposited funds would be wholly for his own protection, and the employment in the bond of the term "treasurer," following the name of the obligee, was descriptive only, not only of the person, but also of the funds for which the surety was liable, if deposited.

3. **Depositaries ⟂13—Drains ⟂17—Chicago Sanitary District treasurer could deposit district funds on time deposit; bond covered time deposits.**

   The treasurer of the Chicago Sanitary District did not transgress the law by making deposits of district funds on time deposits, so that a depositary's bond could not be said not to cover such deposits, nor was it void as part of an illegal transaction.

4. **Evidence ⟂20(2)—Judicial notice taken of highest interest on time deposits.**

   It is common knowledge that the highest interest rate on bank deposits is carried by deposits on time certificates.

5. **Depositaries ⟂13—Depositary's bond, indemnifying treasurer of Chicago Sanitary District, held to cover time "deposits."**

   A bank depositary's bond, indemnifying the treasurer of the Chicago Drainage District, conditioned to "pay out the funds * * * so deposited with it * * * in accordance with the warrant, check, or direction" of the treasurer, did not exclude time deposits by indicating, by the use of the words "warrant" and "check," that the deposits contemplated were such only as were subject to immediate withdrawal by check or otherwise, for the word "deposits" was in no manner limited, and commercially it includes deposits of all kinds, such as are customarily made with banks, and of which the most examples are checking and time deposits.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deposit.]

6. **Interest ⟂47(1)—Due on bond from time of suit.**

   Under Hurd's Rev. St. Ill. 1917, c. 74, § 2, providing that interest shall be payable on moneys after they become due "on any bond, bill, promissory note, or other instrument of writing," etc., where the action is on a bond, it does not have to appear that there was a liquidation or a settlement, or that the delay of payment is vexatious, in order that interest

---

⟂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

may be allowed; but it is sufficient that it is a bond which was sued upon, and that the money was due, in which event interest is properly allowed from the date of commencement of suit.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by J. A. McCormick, individually and as assignee, against the National Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff in error is a corporate surety company, and as such, under date of June 2, 1914, it executed as surety, with the La Salle Street Trust & Savings Bank as principal, a surety bond to defendant in error as obligee, in penal sum of $25,000, conditioned as follows:

"The condition of the foregoing obligation is such that whereas, the La Salle Street Trust & Savings Bank has been designated by said obligee as depository of funds and moneys coming into his hands as such treasurer of said Sanitary District of Chicago; and whereas, said obligee may from time to time deposit said funds and moneys with said the La Salle Street Trust & Savings Bank:

"Now, therefore, the condition of the foregoing obligation is such that if the said the La Salle Street Trust & Savings Bank shall well and faithfully perform and discharge its duties as such depository, and pay out the funds and moneys so deposited with it, and each and every part thereof, in accordance with the warrant, check, or direction of the said J. A. McCormick, as such treasurer, and shall account for and pay over all moneys received by it as such depository, then this obligation shall be null and void; otherwise, to remain in full force and effect."

June 12, 1914, the bank failed; defendant in error holding its two obligations as follows:

"The La Salle Street Trust & Savings Bank of Chicago. No. 247. Chicago, Ill., May 1st, 1914. $25,000.00. John A. McCormick, Treas., has deposited with us twenty-five thousand dollars, payable to the order of himself in current funds on the 1st day of August, 1914, without grace, on the return of this certificate properly indorsed, with interest at 3%."

"The La Salle Street Trust & Savings Bank of Chicago. No. 265. Chicago, Ill., June 11th, 1914. $50,000.00. John A. McCormick, Treas., has deposited with us fifty thousand dollars, payable to the order of himself in current funds on the 3d day of September, 1914, without grace, on return of this certificate properly indorsed. Interest from June 3, 1914."

Both represent funds of the Sanitary District which defendant in error as such treasurer deposited in the bank. The first, as appears from its date, was deposited before the bond was given, and the last was issued to defendant in error upon his surrender of a similar obligation for like amount given March 3, 1914, and due June 3, 1914, not paid at its maturity, but surrendered and canceled upon the delivery of the new certificate the day preceding the failure of the bank.

Suit upon the bond was brought by McCormick, "Treasurer of the Sanitary District of Chicago," and the breaches alleged were the failure of the bank to pay the said two obligations then held by him. While the suit was pending, McCormick ceased to be treasurer of the Sanitary District, and thereupon an amended declaration was filed by him in his own name as plaintiff setting forth that he had resigned as such treasurer, and had fully accounted for and paid over to the said Sanitary District all moneys and funds which had come into his hands as such treasurer, and that said Sanitary District had executed to him an assignment of all rights, if any, which it had in and to the obligation sued upon.

By agreement in open court jury was waived and the cause submitted to the court, which found the debt at $25,000 and the damages $47,750—the last being the amount of the two obligations, less certain dividends paid thereon

by the receiver of the defunct bank—and it was adjudged that the debt be discharged upon the payment of $25,000, with interest at 5 per cent., per annum from February 27, 1915. All these allegations of fact are undisputed, and are fully supported by the evidence.

Fletcher Dobyns, of Chicago, Ill., for plaintiff in error.

George Buckingham, of Chicago, Ill., for defendant in error.

Before BAKER and ALSCHULER, Circuit Judges, and FITZHENRY, District Judge.

ALSCHULER, Circuit Judge (after stating the facts as above). Plaintiff in error contends that in any event McCormick has no right of recovery; that the bond describes him as "treasurer," and that as treasurer only can he recover, but not in his individual capacity; that the Sanitary District itself had no interest in the bond, and was not protected by it; and that its assignment to McCormick conveys him nothing.

The Sanitary District is a public corporation, and the statute of Illinois which is its source of existence and power provides that its board of trustees shall elect a treasurer, who shall hold office during the pleasure of the board, which shall prescribe his duties and fix the amount of his bond to be given to the board. Chapter 24, § 346, Hurd's Rev. Stat. Ill. (1917 Ed.).

Rule 15 of the board, enacted pursuant to the statute and in force during all of these transactions, provides that the treasurer shall receive all moneys of the district, sign its checks, negotiate all its bonds, and make payments of interest on same, and pay bonds and interest at maturity, "and he shall convert into the treasury all sums received as interest on any deposit of the funds of the Sanitary District," fixes his salary at $2,500 per annum, and his official bond to the district at $3,000,000, and provides that—

"The selection of depositories of the funds of the Sanitary District of Chicago in the hands of the treasurer shall be entirely in the control of the treasurer, and no action of the board shall be considered as ratifying the selection of any depository by said treasurer, or in any way waiving the strict liability of said treasurer, for the custody of, and accountability to the board, for said funds."

This would indicate that the contention is quite sound that the Sanitary District had no interest in this bond, but looked wholly to its treasurer and his official bond for its security. Who, then, but McCormick himself, had any interest in the bond, or could have been contemplated by the parties as being protected by it? It is suggested that when he ceased to be treasurer the action might be brought or maintained by his successor in office. If the district itself has no interest in it, what possible interest in it can his successor have; and when McCormick has made good his unqualified obligation to pay over to the district, what concern is it of either the district or the successor whether or not anything is realized on this private unofficial contract of indemnity?

[1] It is urged that the rule of strict construction generally applicable to the obligation of sureties should be here applied. But this is not that ordinary contract of voluntary suretyship, as to which there has arisen a sort of tenderness toward sureties. This is a contract of insurance, entered into by the surety for the revenue which it derives from the business of suretyship, and in this relation the obligation should be treated as other insurance contracts, which are usually construed most strongly against the insurer. Liverpool, etc., Ins. Co. v. Kearney, 180 U. S. 132, 21 Sup. Ct. 326, 45 L. Ed. 460; American Surety Co. v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977; Commercial, etc., Ass'n v. Fulton, 79 Fed. 423 (2 C. C. A.) 24 C. C. A. 654.

[2] The obligation of the treasurer to his district being absolute, any security which he might take for repayment to him of deposited funds would be wholly for his own protection, and the employment in the bond of the term "treasurer," following the name of the obligee, is descriptive only, not alone here of the person, but tending also to describe the funds for which the surety contracted liability if deposited with the bank; i. e., funds only which came into McCormick's hands as treasurer of the Sanitary District, and none others. We conclude on this point that defendant in error in his own name could properly maintain suit on the bond.

[3, 4] Next it is urged that McCormick had no lawful right to put out the funds of the district on time deposits, or in any way to place them beyond his power of immediate withdrawal, and that in consequence either the bond did not cover time certificates, or, if it did cover time certificates, that the bond is void, and no recovery can be had upon it.

The income of the district is largely from taxes annually assessed and collected, and may not be required to be paid out for many months after their receipt by the treasurer. The same rule 15 makes the treasurer the financial adviser of the board, and he of all persons should know at what times the available funds of the district are required to meet maturing obligations. There is no statutory inhibition upon the treasurer's deposit of funds with banks; indeed, in this day it would be ridiculous to assume that he must keep the same in his physical possession, at the risk of being deemed a violator of the law if he deposits them in banks. From the statute and rule above referred to it is evident, not only that it was not to be deemed unlawful and improper for him to deposit the funds, but that the receipt of interest on deposits was contemplated and permitted, provided only that the district was to have the benefit of it. It is not unreasonable to assume that he would be expected, though not required, to obtain the highest rate of interest consistent with safety and commercial practice, and it is common knowledge that the highest interest rate on bank deposits is carried by deposits on time certificates. Knowing, as the treasurer must be presumed to know, the financial needs of the district, he could with safety make deposits to mature at times when the funds are needed by the district, and thus secure for the district the largest

interest return thereon. If he miscalculates, and places funds beyond the reach of the district when they are required, he and his official bond would be liable to make prompt restoration, wholly regardless of whether the funds were deposited upon time or call. We are of opinion that in making deposits on time certificates the treasurer did not transgress the law. This view makes it unnecessary to consider further the proposition that the bond is void and unenforceable if it contemplated indemnity against time deposits.

[5] But plaintiff in error insists that the wording of the bond itself excludes time deposits as a subject of the indemnity. The contention is grounded on the condition of the bond that the—

"bank shall well and faithfully perform and discharge its duties as such depository, and pay out the funds and moneys so deposited with it, and each and every part thereof, in accordance with the warrant, check, or direction of the said J. A. McCormick as such treasurer, and shall account for and pay over all the moneys received by it as such depository, then this obligation," etc.

Counsel stress the words "warrant" and "check" as conclusively indicating that the deposits contemplated by the obligation were such only as were subject to immediate withdrawal by check or otherwise, thus excluding time deposits. But the terms and manifest intent of the bond are too broad and inclusive to warrant such limitation. The word "deposits" is in no manner limited, and commercially it includes deposits of all kinds such as are customarily made with banks, and of which the most usual examples are checking and time deposits. We find no merit in this contention.

The case of McCormick v. Hopkins, Receiver, 287 Ill. 66, 122 N. E. 151, involved practically the same situation above considered. Another surety company had given McCormick its bond of indemnity against loss which might accrue to him through deposits of the same sort of funds in this same bank, and the action was against that surety company, predicated on this same $50,000 time certificate of deposit. A reading of the opinion in that case makes it evident that the court, in substance, at least, if not in precise form, considered the propositions above discussed, and resolved them all against the contentions of the receiver of that surety company.

Two questions are here raised with which that opinion does not deal, viz.: As to liability upon the $25,000 time certificate of May 1, 1914; and as to recovery of interest.

Respecting the first of these, the claim is that, as the certificate antedates the bond, it does not fall within its indemnity, and that the court therefore erred in the inclusion of that certificate in the damages found. Finding, as we do, that the $50,000 certificate, which postdates the bond, is clearly within the indemnity of the bond, and the amount of that obligation, less dividends paid thereon by the bank's receiver, largely in excess of the full penalty of the bond, it is needless for the purposes of this proceeding to determine whether the $25,000 certificate would sustain action on the bond. It was suggested on argument that, if the question of contribution between surety companies

should arise, the proposition of liability upon the smaller certificate might be important. We do not see how anything that may be done in this proceeding would bind or affect those who are not parties to it. Such questions must be determined if and as they arise, upon issues made between the then parties, wholly independent of what is here determined. As to plaintiff in error in this action, if there was error in including the smaller certificate in the damages as found, the error was harmless.

[6] As to the proposition of interest, it is claimed that the damages were not liquidated, and that delay in payment was not shown to be vexatious, and that therefore interest is not chargeable under the statutes of Illinois. Chapter 74, § 2, Rev. Stat. Ill., provides that interest shall be payable on moneys after they become due—

"on any bond, bill, or promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received for the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment."

Where the action is on a bond, it does not have to appear that there has been a liquidation or a settlement, or that the delay of payment is vexatious, in order that interest may be allowed. It is sufficient that it is a bond which was sued upon, and that the money was due. The court allowed interest at the statutory rate from date of commencement of suit, and in this there was no error. Illinois Surety Co. v. Davis, 244 U. S. 376, 37 Sup. Ct. 614, 61 L. Ed. 1206; In re Morrison (C. C. A.) 261 Fed. 355; Holmes v. Standard Oil Co., 183 Ill. 70, 55 N. E. 647.

The judgment of the District Court is affirmed, with interest and costs, together with 2 per cent. damages to defendant in error, under section 2 of rule 28 of this court (235 Fed. xii, 148 C. C. A. xii).