CITY OF SISSETON, Respondent, v. WESTERN SURETY CO., Appellant.

(208 N. W. 982.)

(File No. 5990.   Opinion filed May 28, 1926.)

1.  Depositaries—Certificates of Deposit Held Not Loan, But "Deposit," Within Depositary Bond to City Though Not Subject to Check, But Payable at Future Date (Rev. Code 1919, § 8977).

    That certificates of deposit were not subject to check, but payable at future date, does not change nature thereof from "deposit," within Rev. Code 1919, § 8977, to loan, so as to exempt surety from liability to city for amount thereof on depositary bond.

2.  Depositaries—Surety Bonding Municipal Depositaries Held Liable to City for Certificates of Deposit in Insolvent Bank, Though Antedating Bond, Time Limitation Therein Referring to Time of Insurance, Not of Acquisition of Funds by Bank.

    Surety company, engaged in business of bonding municipal depositaries, held liable to city for amount of certificates of deposit in insolvent bank, though antedating bond, time limitation therein referring to period of insurance, not time that bank acquired funds.

3. Principal and Surety—Depositors' Guaranty Fund—Estoppel—
   Surety, Executing Municipal Depositary Bond, Is Estopped to
   Allege Bank's Want of Authority to Furnish Such Bond, Be-
   cause Operating Under Guaranty Law.

   Surety, executing municipal depositary bond, is estopped to
   allege as defense to city's action thereon that bank had no
   authority to furnish bond, because it was operating under
   Guaranty Law.

4. Depositaries—Municipalities—Parties—City, Not Its Treasurer,
   Held Proper Party Plaintiff, in Suit on Municipal Depositary
   Bond.

   City, not its treasurer, held proper party to sue on municipal
   depositary bond for amount of deposits in insolvent bank.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Depositaries, Key-No. 13, 18 C. J. Sec. 60 (Anno); (2) Depositaries, Key-No. 13, 18 C. J. Sec. 60; (3) Principal and surety, Key-No. 46, 18 C. J. Sec. 62 (Anno); (4) Depositaries, Key-No. 14, 18 C. J. Sec. 84.

Appeal from Circuit Court, Roberts County; Hon. J. J. BAT-TERTON, Judge

Action by the City of Sisseton against the Western Surety Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.
*Turner & McKenna,* of Sisseton, for Respondent.

DILLON, J. Plaintiff, a municipality, seeks to recover from defendant, Western Surety Company, on a depositary bond, for the amount of $2,934.24. This sum, being the amount of moneys belonging to plaintiff, was on deposit in the Guaranty State Bank of Sisseton at the time said bank became insolvent. The facts as disclosed by the record are: That the city council of said municipality designated said bank as the depositary for its funds; that defendant, Western Surety Company, became surety for the bank, as depositary for said funds, furnishing a bond in the amount of $6,000; that, at the time said bank became insolvent, the treasurer of said municipality had on deposit in said bank the amount of $2,934.24, $2,500 of this amount being in the form of certificates of deposit, and $434.24 being in open account. The trial court made its findings of fact and conclusions of law in favor of plaintiff and entered judgment for plaintiff in the amount of $2,934.24;

together with interest and costs, making a total judgment of $3,221.90. It is from such judgment that defendant appeals.

Appellant concedes that it is liable for the amount of money which was on deposit in open account at the time said bank became insolvent, but contends that it is not liable for the certificates of deposit, since they are loans and not deposits.

In McCormick v. Hopkins, 287 Ill. 66, 122 N. E. 151, the Supreme Court of Illinois said:

"The certificate is called, on its face, a time certificate of deposit. It is in the usual form in which such certificates of deposit are issued by banks. It is not subject to check, is payable at a future time and bears interest. But these circumstances do not, of themselves, change the character of the transaction from a deposit to a loan. * * * It has still the distinguishing features of the bank deposit that it is payable only upon demand at the bank and on the return of the certificate properly indorsed." National Surety Co. v. McCormick (C. C. A.), 268 F. 185.

"The word 'deposits' [in the bond] is in no manner limited, and commercially it includes deposits of all kinds such as are customarily made with banks, and of which the most usual examples are checking and time deposits."

[1] Appellant cites the case of Allibone v. Ames, 9 S. D. 74, 68 N. W. 165, 33 L. R. A. 585, in support of its contention that certificates of deposit are loans and not "deposits." It is true that the rule as laid down in that decision is that a time certificate of deposit is a loan and not a deposit. However, that case was decided in 1896, but in 1919 the Legislature enacted section 8977, R. C. 1919, wherein a "deposit" is defined so as to include a time certificate of deposit; and the fact that these certificates of deposit were not subject to check, but payable at a future date, does not change the nature of the transaction from a deposit to a loan.

[2] Appellants further urge that, since the certificates of deposit antedate the bond, they are not liable   The wording of the obligation in the bond is as follows:

"That if said 'principal' shall, during the term commencing at 9 o'clock a. m. on the 10th day of September, 1923, and ending with the close of banking hours on the 10th day of September,

1924, faithfully account for and in the due and ordinary course of business pay over on legal demand all money deposited with said 'principal,' etc."

As stated above, there is nothing in the wording to limit the deposits to a checking account. The limitation of time expressed, viz., "the term commencing at 9 o'clock a. m. on the 10th day of September, 1923, and ending with the close of banking hours on the 10th day of September," refers to the period of time that the funds were insured and not to the time that the bank acquired said funds. The Western Surety Company was a company engaged in the business of bonding depositaries for municipal funds and the like, and was not a private surety company, and must be held liable for the certificates of deposit, regardless of the dates on which said certificates of deposit were obtained.

[3] There is no merit in appellant's contention that, inasmuch as the said bank was operating under the Guaranty Law, it had no authority to furnish a depositary bond. Appellant, by the execution of said bond, has estopped itself from alleging such a defense.

[4] The question of whether or not respondent was the proper party to sue on the bond is decided by this court in Edgerton Ind. School Dist. v. Volz, 50 S. D. 107, 208 N. W. 576, in which it is held that, after the deposit was made, "the relation of debtor and creditor arose, not between th: bank and him, but between the bank and the school district."

The judgment of the trial court is affirmed.

CAMPBELL, J., concurs in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.