## VOGEL et al. v. CITY OF VINITA.

No. 23213.   Oct. 9, 1934.

Rehearing Denied Jan. 8, 1935.

236

William T. Rye, Roberts & Clark, and Green & Farmer, for plaintiff in error.

Carey Caldwell, for defendant in error.

PER CURIAM. F. C. Vogel, W. H. Vogel, and Page Crahan, individually and as executor of the estate of P. H. Crahan, deceased, appeal from a judgment rendered in the court below against them as sureties on a certain bond.

In the latter part of 1929 the city of Vinita, through its city treasurer, began to deposit moneys in the Farmers State Bank of Vinita, and continued to make and carry certain deposits therein until the bank was closed by the State Banking Department in May, 1930, at which time the bank was adjudicated as insolvent and was taken over by the Bank Commissioner of the state.

At the time the bank was closed the city had a balance in checking account in the sum of $18.04, and held a time certificate of deposit of $15,000. The bank held certain offsets in the form of obligations of the city, which were charged by the commissioner against the deposits, and certain dividends were declared and paid, and in the trial court a judgment was obtained for $12,144.42, with interest at the rate of six per cent. from the first day of October, 1930, until paid, with costs of action against the bank and against sureties, W. H. Vogel, F. C. Vogel, and Page Crahan, individually and as executor of the estate of P. H. Crahan, deceased; the judgment providing if further dividends be paid, such amounts should be applied by plaintiff in the reduction of the judgment rendered against the sureties. The record does not disclose the payment of any subsequent dividends.

From the case-made it appears that the $15,000 for which a time certificate of deposit was received, represented uninvested sinking funds of the city of Vinita, in the hands of its tresaurer, upon deposit in the bank. The funds represented by the certificate had previously been on deposit in an open account in the bank. It further appears that prior to the execution of the bond in question, the city had average deposits of about $50,000 in the bank and the treasurer was directed by the mayor and councilmen to secure a bond from the bank indemnifying the city against loss from such deposits. A bond in the sum of $50,000 was prepared by the officers of the bank and was executed by the bank and by the various sureties, all of whom were either officers, directors, or stockholders in the bank. The conditions of the bond which are essential to the determination of the issues in this case recite that:

"Whereas, the city of Vinita, state of Oklahoma, has designated the Farmers State Bank of Vinita, Okla., as the depository for the purpose of receiving from the city treasurer of the city of Vinita, Okla., funds in her hands as such city treasurer,

"Now, therefore, if the said Farmers State Bank of Vinita, Okla., shall promptly pay on the check or draft of the city treasurer of Vinita, Okla., any and all moneys that may be deposited in said bank as such depository, then this obligation shall be void; otherwise, to be in full force and effect."

After the failure of the bank, the city brought its suit upon the bond, and the defendant F. C. Vogel, by proper pleading, denied execution of the bond.

The other defendants admitted execution thereof and pleaded various defenses, among others that the bond was a contract of suretyship which is plain, clear, concise, understandable, and unambiguous, and that the sureties were gratuitous sureties and not sureties for hire, and that the obligation of the bond should be construed strictly according to its terms and in the most favorable light to the sureties, and that the bond plainly stated that it was one of indemnity only, covering refusal or neglect to pay promptly on the check or draft of the city treasurer upon such accounts as were subject to check or draft, and that a certificate of time deposit is not within the terms of the bond for the reason it is not a deposit, subject to check or draft, but is in effect a loan to the bank, where the relation of debtor and creditor exists thereby.

The city in the court below, and in this court likewise, insists that the terms of the bond must be construed by the court, and that the same are clear, concise, unambiguous, and understandable, and contended and now contends that the rules of construction applicable are those applying to sureties for hire, because each surety was interested as an officer, director, or stockholder of the bank, and the bond was given for a public purpose, to wit, the protection of public funds, and that by its plain terms clearly covered all deposits made by the city treasurer in the bank, and that a time deposit, while in the nature of a loan to the bank, still remains a deposit within the meaning of such bonds.

At the close of the evidence the court directed a verdict against the bank and against each of the sureties other than F. C. Vogel, and submitted the cause to the jury as to F. C. Vogel, upon the single issue of whether or not he had signed the bond, and directed the jury that in the event they so found that he had signed such bond, their verdict should be against the bank and against each surety sued, for the amount of $12,144.42, with interest. The jury returned its verdict against all of the defendants, including F. C. Vogel, and the sureties appeal.

The only propositions submitted to this court upon the appeal by the plaintiffs in error are that they are gratuitous sureties, and, as such, are favorites of the law, and that the contract must be strictly construed in their favor as against any burdens other than those clearly within the meaning of the contract, and that the contract cannot be extended by implication or presumption, and that by such construction the moneys represented by the time certificates are not within the terms of the bond in that they were not subject to payment on check or draft. By the laws of Oklahoma, a city treasurer is specifically authorized and commended to make a deposit of all uninvested sinking fund money in designated depositories, furnishing security, and upon not less than 3 per cent. interest, and such statutes also provide that nothing in the act shall be construed to prohibit depositor from drawing out any and all such sinking fund money at any time that he can invest same or any part thereof in securities provided by law for the investment of such moneys. The statutes do not define the kind or character of the deposit to be made, whether by way of open account, savings account or certificates of deposit. Sections 8577, 8579 and 8516, C. O. S. 1921, as amended by chapter 62, S. L. 1925.

We agree with the plaintiffs in error that if each of them be held sureties for hire and their obligation is liberally construed, such construction must not be enlarged beyond the scope of the terms of the contract, and the intelligible meaning of the language of the bond must be ascertained without enlargement by implication. U. S. F. & G, Co. v. Gray, 106 Okla. 222, 233 P. 731; Fuqua v. Tulsa Masonic Building Association, 129 Okla. 106, 263 P. 660; but we must not overlook the fact that the bond in question was prepared by the officers of the bank, choosing their own language and submitting it for approval to the city, and we are obliged to hold that these sureties were not gratuitous sureties. In drafting the bond the officers of the bank could, if they had so intended, have used language which would leave no doubt under their present contention that the bond was meant to cover only such moneys as were deposited upon open account, subject to check or draft, but they clearly state their obligation to be "for any and all money that may be deposited in said bank as such depository."

In the case of Overly Special School District No. 44 v. Haver, 214 N. W. 342, the Supreme Court of Wisconsin held:

"Where surety on bond of school district's depositary, was a stockholder and director of depositary, he was not entitled to

protection law affords to gratuitous private sureties since he occupied a position similar to that of surety company, receiving pay for protection offered and furnished"

—and in the opinion said:

"To hold that the surety is relieved on a mere technicality such as is advanced by this assignment of error would amount to a sacrifice of substance and spirit to mere form. * * * The bond having been given to accomplish a public purpose, viz.: the protection of public funds, it must be construed with that object in view. * * *

"Furthermore, the evidence discloses that the defendant was a stockholder and director of the bank and its president. The other sureties on the bond were also interested therein in one capacity or another. Under these circumstances the sureties do not stand upon the same basis as do gratuitous sureties, and are not entitled to the ordinary protection that the law affords to gratuitous private sureties, for they occupy a position very similar to that occupied by surety companies receiving pay for the protection offered, as furnished in a surety bond."

It is true, as contended by plaintiffs in error, that a certificate of deposit, in the ordinary form, is in substance and legal effect a promissory note and not a mere receipt for money, and that time certificates of deposit issued by banks create the relation of debtor and creditor. 7 C. J. 647; Moon Motor Car Co. v. State ex rel. Shull, Bank Com'r, 149 Okla. 190, 1 P. (2d) 358; Morse on Banks and Banking (5th Ed.) vol. 1, p. 298.

But for plaintiffs in error to prevail in this action, it would have to be held that a certificate of deposit in no event evidences a deposit; that when a certificate is taken, that in no sense can the money exchanged therefor be deemed a deposit. The authorities are otherwise.

In National Surety Co. v. McCormick (7th Cir.) 268 F. 185, the 5th subdivision of the syllabus reads:

"A bank depositary's bond, indemnifying the treasurer of the Chicago Drainage District, conditioned to 'pay out the funds * * * so deposited with it * * * in accordance with the warrant, check or direction' of the treasurer, did not exclude time deposits by indicating, by the use of the words 'warrant' and 'check,' that the deposits contemplated were such only as were subject to immediate withdrawal by check or otherwise, for the word 'deposits' was in no manner limited and commercially it includes deposits of all kinds, such as are customarily made with banks, and of which the most usual examples are checking and time deposits."

In the opinion by the court, we find the following:

"Council stress the words 'warrant' and 'check' as conclusively indicating that the deposits contemplated by the obligation were such only as were subject to immediate withdrawal by check or otherwise, thus excluding time deposits. But the terms and manifest intent of the bond are too broad and inclusive to warrant such limitation. The word 'deposits' is in no manner limited, and commercially it includes deposits of all kinds, such as are customarily made with banks, and of which the most usual examples are checking and time deposits. We find no merit in this contention."

In City of Sisseton v. Western Surety Co. (S. D.) 208 N. W. 982, the surety upon the depository bond given to the city was held liable for losses covered by certificates of deposit, it being there contended that the certificates of deposit were not subject to check, but were payable at a future time, and that the surety was not liable thereon, since such deposits are loans and not within the terms and objects as covered in the bond, and the court after citation of several cases called attention to the fact that the word "deposit" in the bond was not limited, and that it must be held to include deposits of all kinds, such as are customarily made in banks, including both checking and time deposits. To the same effect are the following authorities: McCormick v. Hopkins (Ill.) 122 N. E. 151; Independent School District No. 22 v. Weiser National Bank (Idaho) 263 P. 997; Washington Co. v. Stephens (Idaho) 267 P. 225. This court has taken the same view in Southern Surety Co. v. Ruark, 97 Okla. 268, 223 P. 622. In the last-cited case the Southern Surety Company had indemnified Ruark against all losses he might sustain by reason of depositing money in the bank, in case of failure or default in the payment of deposits, "either on legal order or on check or draft of the obligee." The surety contended that an investment had been made by Ruark with the bank in the nature of obtaining a certificate, and this court on appeal, affirming the judgment upon the bond, said:

"Where money is placed on deposit in a bank and afterwards an interest-bearing certificate of deposit is issued for same, or any part thereof, the issuance of the certificate of deposit does not constitute a loan, nor deprive the deposit of its character as such."

The court specifically held that a certifi-

cate of deposit, although in a manner evidencing a loan, does not deprive it of the nature of a deposit.

The plaintiffs in error in the instant case cite the case of Moon Motor Car Co. of St. Louis, Mo., v. State ex rel. Shull, 149 Okla. 190, 1 P. (2d) 358, in support of their contention, but we find nothing expressed therein in conflict with the conclusion herein expressed.

The contentions of plaintiffs in error are supported by the case cited by them, City of Aberdeen et al. v. National Surety Co. et al., 275 P. 62, in which the Supreme Court of Washington held that funds placed by a treasurer in a bank, drawing interest on time deposit and not subject to check, were not within the terms of a depository bond given under a statute making provisions for the naming of banks as depositories and requiring bonds to be executed in favor of the city in the maximum amount of the deposit designated by the treasurer to be carried in the bank. The decision is against the greater weight of authority, and the contrary cases seem to be supported by better reasoning, and we prefer to follow them.

The plaintiffs in error further state that the purchase of the certificate of time deposit by the treasurer was an illegal act, and an investment of the funds of the city in a manner prohibited by the Constitution of the state of Oklahoma, citing section 17, art. 10, of the Constitution, and section 13651 of the Oklahoma Statutes of 1931, to the effect that the Legislature shall not authorize any city to loan its credit to any corporation, association, or individual, and arguing that certificates so purchased being a loan, the court owed the duty to presume that the parties to the contract only considered those transactions that were within the law and could not be held to have contemplated a contract to cover transactions in violation of law. A sufficient answer is that those dealing with the city knew that the bank held on deposit uninvested sinking funds, and were charged with knowledge of the law. If the taking of a time deposit certificate was not authorized by law, the certificate of deposit issued to the city treasurer would be ineffective as such, and the account in effect would be an open account subject to check or draft.

In the case of Board of Commissioners of St. Louis County v. Security Bank of Duluth (Minn.) 77 N. W. 815, the commissioners sued upon a depository bond given to secure county funds. The personal sureties defended on the ground that the bond did not cover that portion of the deposit represented by time certificates, and that the purchase of the time certificate constituted an illegal deposit, and appealed from a directed verdict against them. The Supreme Court held that the only authority of the commissioners to deposit or lend funds was under the statute which required a deposit payable on demand, with interest, and that the attempt to attach to the deposit terms not authorized by law made the deposit, under the statute, payable on demand with interest, for which the sureties on the bond would be liable. See, also, School Dist. No. 75 v. Farmers State Bank of Bronson (Minn.) 234 N. W. 594.

From what has been said, it necessarily follows that the ruling and the judgment of the court below were correct, and that the judgment should be in all things affirmed.

The defendant in error calls attention to the supersedeas bond set forth at pages 376 and 377 of the case-made, and asks in case of affirmance that judgment be entered against the sureties on said supersedeas bond. Such request should be granted and judgment is by this court now rendered and entered that the plaintiff, the city of Vinita, Okla., do have and recover of and from W. H. Vogel, F. C. Vogel, and Page Crahan, individually and also as executor of the estate of P. H. Crahan, deceased, as principals, and against J. E. Buffington and Mrs. J. E. Buffington, as sureties, the sum of $12,144.42, with interest at six per cent. from the 1st day of October, 1930, until paid, and for all costs, for which execution may issue from the trial court upon receipt of mandate herein.

The Supreme Court acknowledges the aid of Attorneys J. H. Cline, Theodore Pruett, and Toby Morris in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cline and approved by Mr. Pruett and Mr. Morris, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.