In re Estate of Catherine McConnell Wesley, Deceased. Edward F. Hoban et al., Appellants, v. J. J. Cole, Executor of the Last Will and Testament of Catherine McConnell Wesley, Deceased, Appellee.

Gen. No. 8,917.

Opinion filed March 22, 1935.

Hyer & Gill, of Rockford, for appellants.

Dixon, Devine, Bracken & Dixon, of Dixon, and W. A. Keho, for appellee; Robert L. Bracken and J. C. Ryan, of Dixon, of counsel.

Mr. Justice Huffman delivered the opinion of the court.

Appellee was appointed executor of the estate of Catherine McConnell Wesley, deceased, under her last will and testament. Letters testamentary issued to him on January 12, 1931. Upon four different occasions he deposited the total sum of $4,770 in the Amboy State Bank, which deposits were made in the nature of certificates of deposit and issued to appellee as the executor of said estate. The bank suspended business on December 11, 1931. Appellee filed his final report in said estate on February 3, 1932, which was the first term of court following the expiration of one year from the issuance of letters testamentary.

Appellee's report showed a total received of $14,734, with a balance then on hand of $11,449 for disbursements. Appellee asked that he might turn over to the residuary beneficiary his claim as executor against the bank for the $4,770 held by it at the time it closed its doors, in satisfaction of his liability for such funds so deposited.

No controversy exists about the facts in this case. Appellant filed his objections to that portion of appellee's final report which sought to turn over the above claim against the bank for $4,770 to the residuary legatee, and thus be absolved from liability therefor. The trial court overruled the objection of appellant and held that appellee should be relieved from all personal liability and responsibility for such funds belonging to said estate that he had deposited in the Amboy State Bank, upon time deposit as aforesaid.

There is no question involved in this case regarding the neglect of the executor to make yearly reports to the county court and to pay out money thereunder. Appellee took prompt steps to make final settlement of this estate at the first term of court after the expiration of one year from the issuance of letters

testamentary. Therefore, any question of loss occasioned by his neglect to bring the estate to a speedy settlement is not involved. The liability of an executor or administrator as to the money of an estate in his hands is that of an ordinary bailee for hire. He is not regarded as an insurer, and is not liable for the loss of such property where he has shown good faith, and has acted with the diligence usual with good business men under similar circumstances. Accordingly, it is an accepted principle in most jurisdictions that an executor or administrator who deposits money of the estate, in good faith, in a solvent bank of good repute, to the trust account and not to his own account or credit, is not liable for the loss of such money through the subsequent insolvency or failure of such bank. This is especially true when the executor or administrator is guilty of no delay in the administration of the affairs of the estate and in taking the necessary steps provided by statute for the paying out of such money to those who are entitled to receive it.

There is only one question involved in this appeal and that is whether such certificates of deposit shall be construed as loans by appellee to the bank, or be considered as deposits therein. The statute has conferred no power on executors to loan funds of the estate, and where such power is not conferred by the will, it follows that such loans are without legal authority and any such executor must be held accountable for any loss in consequence of such loan. *Wadsworth v. Connell,* 104 Ill. 369. The position taken by appellant is that these time deposits are loans by the executor to the bank and therefore made at his own peril. This is the only point urged by appellant for reversal. The position taken by appellee is that they are deposits and not loans, and that he is not liable therefor. Appellee in this respect relies upon the case of *McCormick v. Hopkins,* 287 Ill. 66. This question

was fairly presented in that case and the court there directly held that a time certificate of deposit, issued by a bank, not subject to check, payable at a future time with a certain rate of interest, did not of itself change the character of the transaction from a deposit to a loan. It was there further said that although, to all effects, a certificate of deposit was similar to a promissory note, and negotiable as such, it did not therefore cease to be a certificate of deposit and the transaction was not transformed into a loan. The transaction out of which a certificate of deposit arises is one of deposit and not a loan. It is a transaction peculiar to the banking business and one that the courts should recognize and deal with according to commercial usage and understanding, and a deposit in this respect is generally understood to mean not only demand deposits subject to check, but also deposits not subject to check for which time certificates may be issued.

Since the submission of this case to this court, the Supreme Court of Illinois, in the case of *Harrison v. Ault*, 359 Ill. 75, at page 79, with reference to the question now before us, reaffirms the rule announced by it in the case of *McCormick v. Hopkins, supra,* in the following language: "It is there pointed out that a deposit of a time certificate is not a loan of the bank, and the distinction between such a loan as it is known and established in banking custom, and a deposit on time certificate, is set out."

We are of the opinion that under the above holdings of the Supreme Court, it is definitely established that the transaction out of which a time certificate or certificate of deposit arises is a deposit and not a loan.

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*