SHAW, Banking Com'r, v. McBRIDE et al.

No. 1266—5305.

Commission of Appeals of Texas, Section A.
April 23, 1930.

L. C. Sutton and John W. Goodwin, both of Austin, and Joe T. Goodwin, of Jacksonville, for plaintiff in error.

H. L. Carpenter, and Clark, Harrell & Starnes, all of Greenville, for defendants in error.

HARVEY, P. J.

We adopt the statement of the case as made by the Court of Civil Appeals. For convenience, quotation marks, except as they appear in the statement, will be omitted.

On June 26, 1926, H. L. Carpenter and W. M. McBride deposited with the People's State Bank of Floyd, Tex., $1,800, and received from the president of the bank the following certificate:

"6/26/1926.          No. 2.

"People's State Bank, Floyd, Texas.
"Certificate of Deposit.

"H. L. Carpenter & W. M. McBride has deposited in this bank eighteen hundred dollars ($1,800.00) payable to the order of H. L. Carpenter & W. M. McBride in current funds on the return of this certificate properly in-

dorsed 4 months after date with interest at 6 per cent. per annum.

"Not subject to check.

"No interest after 4 months.

"H. M. Matthews, President."

Prior to that date the bank had adopted the bond security system for protecting its depositors. The bank owned $15,000 in United States bonds, which were delivered to the banking commissioner in the manner prescribed by law for securing the bank's depositors. On October 20, 1926; the bank was closed and placed in the hands of the banking commissioner for liquidation. In November following, the claim of Carpenter and McBride was presented for allowance. The commissioner rejected the claim as a charge against the security pledged, but allowed it as a general unsecured debt. This suit was then filed by Carpenter and Mrs. Jane McBride, the independent executrix of the estate of W. M. McBride, in November, 1927. The purpose of the suit is to establish the claim as a charge against the security pledged by the bank for the protection of its depositors. The case was tried before the court without a jury, and a judgment was rendered in favor of the plaintiffs. From that judgment the banking commissioner has appealed.

The Court of Civil Appeals affirmed the judgment of the trial court. 9 S.W.(2d) 410.

The Court of Civil Appeals correctly held that the defendants in error possess the character of "depositors" within the meaning of articles 475 and 475a of the Statutes, as amended by the Act of 1925. The reasoning of that court, speaking through Judge Hodges, is sound, we think, and the question involved was decided correctly.

We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.