

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 18, 1962

The Hon. William A. Harrison          Opinion No. WW-1331
Commissioner of Insurance
International Life Building            Re: Whether Certificates of
Austin 14, Texas                           Deposit in Banks are "Lawful
                                           Money of the United States."

Dear Commissioner Harrison:

In your recent letter you request an opinion of this office whether time certificates of deposit are "lawful money of the United States" within the contemplation of those provisions of the Texas Insurance Code which require that various funds of insurance companies be maintained in certain kinds of investments, which include "lawful money of the United States." The Insurance Department has considered in the past funds deposited in a state or national bank to be "lawful money of the United States" if such funds are subject to immediate withdrawal or withdrawal upon demand by the insurance company, but the department has regarded money deposited in a bank for a fixed period of time, such as that evidenced by a Certificate of Deposit, to be a loan to the bank rather than a deposit. This view was adopted because of an Attorney General's Opinion written in 1912 by acting Attorney General Walthall. The questions that you ask are these:

1.  Are funds on deposit with a state or national bank "lawful money of the United States" if there is in force a written contract between the depositor and the bank that neither the whole nor any part of such funds may be withdrawn, by check or otherwise, prior to the date of maturity, or prior to the expiration of a specified period of notice which must be given by the depositor to the bank in advance of withdrawal of such funds?

2.  If your answer to question No. 1 is to the effect that such funds cannot be considered "lawful money of the United States," would such funds be "lawful money of the United States" if the contract between the depositor and the bank provides that the depositor may withdraw all or a portion of such funds upon presenting proper proof, in an

emergency, that it is necessary to withdraw such funds to prevent great hardship to the depositor?

3.   Would funds deposited with a state or national bank be considered "lawful money of the United States" where the depositor receives a "certificate of deposit" which certifies that such funds have been deposited but which certificate also provides that such funds shall be payable to the order of the depositor or to the bearer upon return of the certificate on a specified date?

A time certificate of deposit is a negotiable or non-negotiable instrument received by the depositor, obligating the bank to pay the amount of the deposit on a specific date set out in the instrument. See 2 CCH Fed. Banking L. Rep., paras. 30,413 and 32,313. The Federal statutes and regulations provide that the time certificates may be paid before maturity if necessary to prevent hardship to the depositor. See Federal Reserve Regulation "A", Sec. 4(d), 2 CCH Fed. Banking L. Rep., para. 19,110.05. It is also significant to note that certificates of deposit are regarded as insurance deposits within the meaning of the Federal Deposit Insurance Corporation Act. See 1 CCH Fed. Banking L. Rep., para. 13,517; 12 USC 1813 (1).

A high degree of liquidity and safety is the ultimate purpose of the insurance law concerning investments by insurance companies. From the standpoint of liquidity and safety, then, certificates of deposit are certainly a desirable investment; a certificate of deposit differs only from a demand deposit in that it may not be drawn prior to maturity except under emergency circumstances.

Because of the Walthall opinion, it is necessary to re-examine whether or not a certificate of deposit is a loan or is a deposit. The Walthall opinion cites no Texas case to support its conclusion. Subsequent to the Walthall opinion, it was held in Shaw, Banking Commissioner, v. McBride, 9 S.W.2d 410, 411-412 (Civ. App., 1928, opinion approved 27 S.W.2d 121), wherein the controlling question was whether a certificate of deposit was a loan or a deposit, that a time certificate of deposit was not a loan, but rather a deposit. The reasoning of Shaw, Banking Commissioner v. McBride finds additional support in the decisions of other jurisdictions: McCormick v. Hopkins, 122 N.E. 151, 153 (Ill., 1919); Elliott v. Capital City State, 103 N.W. 777, 778 (Iowa, 1905). In view of the Shaw, Banking Commissioner v. McBride case, the Walthall opinion is not controlling.

Consequently, it is the opinion of this office that the Certificates of Deposit are "lawful money of the United States" within the contemplation of those provisions of the Texas Insurance Code which require that various funds of insurance companies be invested in certain investments which include "lawful money of the United States."

### SUMMARY

Certificates of Deposit are "lawful money of the United States" within the contemplation of those provisions of the Texas Insurance Code which require the various funds of insurance companies to be invested in certain investments which include "lawful money of the United States."

Very truly yours,

WILL WILSON
Attorney General of Texas

By _Bob E Shannon_ .
Bob E. Shannon
Assistant

BES:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Marvin Sentelle
Bob Patterson
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee