No. 22142.

H. C. ISENHART, DEPUTY STATE BANK COMMISSIONER AND LIQUIDATOR OF HOME INDUSTRIAL BANK *v.* STANLEY E. MONTY.

(423 P.2d 836)

Decided February 20, 1967.

MASON, REULER and PEEK, for plaintiff in error.

J. E. KUTTLER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

THE instant action grows out of a business transaction between Stanley E. Monty and the Home Industrial Bank which occurred prior to the time on which the plaintiff in error took charge of the business affairs of the bank as the Liquidator thereof under authority of C.R.S. 1963, 14-14-6. The facts are presented in an agreed statement which contains the following assertion: "* * * The questions presented here are clear questions of law of interest not only to the litigants involved, but also to the banking industry as a whole, since we are of the opinion that the same have never been decided in this state."

The stipulation of facts includes the following pertinent statements:

"The substantive facts of the case are: The plaintiff, Mr. Monty, on or about the 4th day of February, 1964, applied to the Home Industrial Bank for a loan in the amount of $3,000. The bank approved the loan subject to receiving security therefor. The plaintiff, in order

to provide the security, took from his savings account at the Lowry Air Force Credit Union, the sum of $3,000. This money was given to the Home Industrial Bank, and in return therefor, the plaintiff received a thrift certificate in the amount of $3,000, said certificate being No. A566, drawing interest at 6% per annum and being due within a year and a half from date of issue.

"Simultaneously therewith, Mr. Monty executed a promissory note in the amount of $3,300, secured by said thrift certificate, payable at the rate of $142.05 per month until paid in full. He, of course, received $3,000 from the bank at that point. It would appear that the funds received by the bank from Mr. Monty were placed with the general funds of the Home Industrial Bank. Thereafter, Mr. Monty began to make monthly payments on the note. After making two payments, but prior to the third, the bank was taken over by the State Bank Commissioner pursuant to statute. * * *"

The plaintiff filed a claim with the State Bank Commissioner in which he sought to set off the face value of the thrift certificate against the amount due the bank on the promissory note which he had signed in its favor. The Commissioner denied the claim of setoff on the ground that Monty was not a "depositor" in the bank within the meaning of C.R.S. 1963, 14-14-8, which provides that upon liquidation of a bank by the state bank commissioner:

"Deposits of all persons indebted to any bank in the possession of the state bank commissioner, whether such indebtedness is due or to become due, shall be applied by him on account of such indebtedness."

The trial court held that Monty had made a deposit in the bank upon the purchase by him of the "thrift certificate" and that he was entitled to set off the amount of this "deposit" against his indebtedness to the bank. The certificate itself contains the statement in bold face type that Monty "* * * has *deposited* in this bank the sum of three thousand and no/100 dollars." (Emphasis

592

added.) In *Tabor v. Mullin*, 37 Colo. 399, 86 Pac. 1007, under a statute which granted a preference to "savings depositors" upon the liquidation of an insolvent bank, this court held that holders of "certificates of deposit" were entitled to the preference accorded to savings depositors.

The term "deposit" is a common word, and, since it is used in the statute without limiting definition, its common and ordinary meaning is the one which should be given effect in construing the statute. "Deposit" according to its commonly accepted and generally understood meaning among bankers and by the public, includes not only deposits payable on demand and subject to check, but deposits not subject to check, for which certificates, whether interest bearing or not, may be issued, payable on demand, or on certain notice, or at a fixed future time. *Black's Law Dictionary*.

A deposit with a bank in the absence of terms which make it a special deposit, becomes immediately a part of the general assets of the bank and the bank thereby becomes the debtor of the depositor for the amount of the deposit. *The Town of Manitou v. The First National Bank of Colorado Springs*, 37 Colo. 344, 86 Pac. 75.

It is quite clear that in the instant case Monty had no intent to make a general loan to the bank. He made a deposit with the bank within the coverage of the statute hereinabove quoted, and is entitled to the setoff claimed by him.

The judgment is affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.