Honorable Harvey Davis Texas State Soil Water Conservation Board Temple, Texas 76501
Re: Deposit of Soil and Water Conservation District funds in interest-bearing accounts.
Dear Mr. Davis:
You have requested our opinion regarding whether a soil and water conservation district may deposit its funds in interest-bearing time accounts or purchase certificates of deposit at banks and savings and loan associations.
Section 2 of article 165a-10, V.T.C.S., which deals with the "deposit and withdrawal of funds" of soil and water conservation districts, provides:
 The Soil and Conservation Funds . . . appropriated to Conservation Districts shall be deposited in State or National Banks and shall be withdrawn upon approval of the Board of Supervisors of a District by checks or orders signed by the Chairman and Secretary of the Board of Supervisors of the District.
Although soil and water conservation districts are not subject to most of the general statutes governing depositories, V.T.C.S. arts. 2525-2569, those statutes do provide a basis for defining "deposit" as used in article 165a+10, § 2. They clearly employ the word "deposit" to mean both time and demand deposits, e.g., arts. 2525, 2546. In Shaw v. McBride, 9 S.W.2d 410
(Tex.Civ.App.-Texarkana 1928, aff'd, 27 S.W.2d 121 (Tex. Comm'n App. 1930, jdgmt adopted), the court, construing provisions regulating the banking industry, stated that the meaning of "depositors" in then-articles 475 and 475a, was as broad as "deposit" in then-article 523, defined therein to include both demand and time deposits. Shaw v. McBride, supra at 411.
Furthermore, the courts of numerous other jurisdictions have held that the meaning of "deposit" or "depositor" embraces both time and demand deposits. Lummus Cotton Gin Co. v. Walker, 70 So. 754,756 (Ala. 1916); Isenhart v. Monty, 423 P.2d 836, 837-38 (Colo. 1967); Bassett v. West Haven Bank Trust Co., 165 A. 895, 897
(Conn. 1933); Bennett v. American Bank Trust Co., 134 S.E. 781,786 (Ga. 1926); McCormick v. Hopkins, 122 N.E. 151, 154 (Ill. 1919); State ex rel. Carroll v. Corning State Savings Bank,113 N.W. 500, 502 (Iowa 1907); State ex rel. Davis v. Kilgore State Bank, 201 N.W. 901, 904 (Neb. 1924); Jones v. O'Brien, 235 N.W. 654, 659 (S. Dak. 1931). On the basis of these authorities, it is our opinion that the command of section 2 of article 165a-10, that funds of soil and water conservation districts be "deposited" in state or national banks, would permit the deposit of such funds in interest-bearing time accounts.
A "certificate of deposit," however, ordinarily signifies a deposit payable at some future date. In effect, it represents the issuing bank's promissory note to the depositor. Thompson v. Thompson, 236 S.W.2d 779 (Tex. 1951). A certificate of deposit is denominated an "investment" by article 6252-5a, V.T.C.S. See First National Bank in Grand Prairie v. Lone Star Life Insurance Co., 524 S.W.2d 525 (Tex.Civ.App.-Dallas), writ ref'd n.r.e.,529 S.W.2d 67 (Tex. 1975). We believe, therefore, that article 165a-10 does not authorize soil and water conservation districts to purchase certificates of deposit.
Neither article 165a-10 nor any other statute, permits the deposit of district funds in savings and loan associations. In Attorney General Opinion H-723 (1975), we held that section 6.14 of article 852a, V.T.C.S., does not in itself affirmatively authorize any political subdivision to place its funds in a savings and loan association unless that political subdivision is authorized to do so by other law. Since we are aware of no other law with regard to soil and water conservation districts, it is our opinion that such a district is not at present authorized to deposit its funds in a savings and loan association.
 SUMMARY
A soil and water conservation district may deposit its funds in interest-bearing time accounts in a state or national bank, but it may not purchase certificates of deposit, nor may it deposit its funds in a savings and loan association.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee